SARONIKOS, INC. d/b/a Privilege,
Appellant,

v.

CITY OF DALLAS, Appellee.

No. 05–07–01063–CV.

Court of Appeals of Texas,
Dallas.

March 5, 2009.

James O. Deegear, Michelle Matthews–Kasson, Stephen Little, The Law Office of James O. Deegear III, San Antonio, TX, for Appellant.

Jennifer Anne Richie, Melissa A. Miles, Barbara E. Rosenberg, Office of City Attorney, Dallas, TX, for Appellee.

Before Justices WRIGHT, FITZGERALD, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Saronikos, Inc. appeals from a summary judgment rendered in favor of the City of Dallas. In two issues, Saronikos contends the trial court erred in granting the City's motion for summary judgment, denying its own motion for summary judgment, and overruling its objections to the City's summary judgment evidence. We sustain Saronikos's first issue, reverse the trial court's judgment, and remand this case for further proceedings.

### Background

In 1999, Saronikos sued the City after the City's denial of its sexually oriented business license for its business, Privilege

Men's Club. The parties resolved this matter by entering into an agreed judgment on July 10, 2001. Their agreement provided, in pertinent part, as follows:

That [Saronikos] will not be denied a sexually oriented business license due to the location of [Saronikos's] proposed business at 525 S. Industrial Dallas, Dallas County, Texas 75207, that is within 1000 feet of the Trinity Greenbelt Park for a period of five (5) years from the date of the signing of this Agreed Judgment.

That after the five (5) year time period referred to above expires, once the portion of the Trinity Greenbelt Park that is located within 1000 feet of [Saronikos's] proposed business becomes available to the public, [Saronikos] will relocate its business within six (6) months upon receipt of written notice from [the City]. . . .

\* \* \*

That [Saronikos] agrees that the Trinity Greenbelt Park has been dedicated as a park for recreational purposes and [the City] agrees that, at this time, the portion of the Trinity Greenbelt Park that is located within 1000 feet of [Saronikos's] proposed business is not currently available to the public.

After the expiration of the five-year period, Saronikos applied for the renewal of its sexually oriented business. The Chief of Police sent a letter denying Saronikos's request on the basis that the business is within 1,000 feet of a public park in violation of the Dallas City Code. Saronikos also received a letter from the City stating that the portion of the park within 1,000 feet of Privilege is now open to the public. This letter informed Saronikos that it needed to relocate its business within six months.

In response to the denial of its request to renew its license, Saronikos filed this lawsuit alleging causes of action for denial of the renewal application, declaratory judgment, injunctive relief, and attorney's fees.

## Standard of Review

■■ The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.*

## The Motions for Summary Judgment

■■ The City moved for summary judgment on all of Saronikos's causes of action. With respect to Saronikos's claim that the City erred in denying the renewal of its license, the City argued that all three conditions set forth in the agreed judgment had been met. Specifically, the City argued that the five-year period had expired,

the portion of the park within 1,000 feet of Privilege was now open to the public, and the City provided Saronikos with the requisite six-month notice. In support of its position, the City presented the affidavit of Rebecca Dugger. Dugger set forth in her affidavit that she is a registered engineer and the director of the City of Dallas Trinity River Corridor Project. She is responsible for managing the Trinity River Corridor Project and Trinity Greenbelt Park is a part of the project. As to the portion of the park located within 1,000 feet of Privilege, Dugger stated:

> Within 1000 feet of Privilege Men's Club is that portion of the Trinity Trails referred to as the Trinity Levee Top Trail System. The Trinity Trails is a network of 3.5 miles of trails that are designed for environmentally sensitive areas, 7 miles of soft surface trails, and 26 miles of hard surface trails with pedestrian bridges across the river. The Trinity Levee Top Trail is open to pedestrians, cyclists, and horses.

In its response to the City's motion for summary judgment, Saronikos attached the first supplemental affidavit of Al Giagtzis, the corporate representative of Saronikos. Giagtzis disputed the statements in Dugger's affidavit as follows:

> On numerous occasions over the past several years, including today, May 24, 2007, I have personally viewed the area of land within 1,000 feet of the Premises which the Defendant claims now is available to the public, and nowhere in this area are there any Trinity Trails, Trinity Levee Top Trails, soft surface trails, hard surface trails or trails of any kind; other than the service road between the pump house and Interstate 30 bridges.

We conclude that the statements in Giagtzis's affidavit are sufficient to raise a fact issue on whether the area within 1,000 feet of Privilege is available to the public. Accordingly, the City failed to establish its summary judgment burden with respect to Saronikos's claim that the City erred in denying the renewal of its license.

The City also asserted as grounds for summary judgment its affirmative defenses of res judicata and collateral estoppel and sought summary judgment on Saronikos's declaratory judgment claims. Saronikos sought declaratory judgment that (1) there is no rational basis for the City to fail to approve its renewal application; (2) the City violated its right to free expression and right to substantive due process under the Texas Constitution by failing to approve its renewal application, and (3) it is entitled to the renewal of its license.[1]

 In its motion for summary judgment, the City argued that Saronikos was attempting to relitigate matters settled by the agreed judgment. The doctrine of res judicata bars the relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and could have been litigated in the prior action. *Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 86 (Tex.2008). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* The issue in this case is whether the area of the park within 1,000 feet of Privilege is now, after the agreed-to five-year period, open to the public. This issue could not have been

---

1. Saronikos also sought two other declarations but withdrew them from appellate review.

raised in the first litigation. For this reason, res judicata does not apply.

■■■ The City also asserted that Saronikos's declaratory judgment action is a collateral attack on the agreed judgment. In Texas, collateral estoppel prevents a party from relitigating an issue that it previously litigated and lost. *Quinney Elec., Inc. v. Kondos Enter., Inc.,* 988 S.W.2d 212, 213 (Tex.1999). To invoke the doctrine of collateral estoppel, a party must establish that: (1) the facts sought to be litigated in the second lawsuit were fully and fairly litigated in the first lawsuit; (2) those facts were essential to the judgment in the first lawsuit; and (3) the parties were cast as adversaries in the first lawsuit. *Eagle Props., Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990). The present lawsuit is not a relitigation of the facts from the second lawsuit. Saronikos contests whether one of the required conditions for nonrenewal of its license following the five-year period has been met. There is a disputed fact issue over whether that portion of the park within 1,000 feet of Privilege is now open to the public. The previous lawsuit could not address whether this portion of the park would in fact be open to the public *five years into the future.* Accordingly, we conclude that collateral estoppel does not apply.

We conclude the City did not establish its right to summary judgment. A fact issue exists as to whether the portion of the park within 1000 feet of Privilege is open to the public. Such fact issue likewise precludes the granting of Saronikos's motion for summary judgment.

### Saroniko's Objections

■■■ Saronikos objected to four affidavits supporting the City's motion for summary judgment. Because this appeal turns on the statements contained in Dugger's affidavit, we address Sarinikos's complaints only with respect to that affidavit. We apply an abuse-of-discretion standard in reviewing whether a trial court erred in admitting or excluding evidence. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995).

■■■ Saronikos contends Dugger's affidavit is defective. First, it contends that the affidavit fails to show that Dugger has expertise on the issue of whether the area within 1,000 feet of Privilege is a park or that she has personal knowledge of the trails alleged to be within 1,000 feet of Privilege. As noted earlier in this opinion, Dugger testifies in her affidavit that she is a registered engineer and the director of the City of Dallas Trinity River Corridor Project. She is responsible for managing the Trinity River Corridor Project and that Trinity Greenbelt Park is a part of the project. Dugger's identity of her position and job responsibilities satisfies the personal knowledge requirement. *See Waite v. BancTexas–Houston, N.A.,* 792 S.W.2d 538, 540 (Tex.App.-Houston [1st Dist.] 1990, no writ) (employee's affidavit sufficient to show personal knowledge because it "states that he is the assistant bank vice-president in charge of loans, and was responsible for loans such as those in issue."). Dugger's job gives her the knowledge to address the layout of the park, its amenities, and public access.

■■■ Saronikos also contends that Dugger's statement that the portion of the park that is within 1,000 feet of Privilege is open to the public is conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Brown v. Brown,* 145 S.W.3d 745, 751 (Tex.App.-Dallas 2004, pet. denied). Contrary to Giagtzis's affidavit, Dugger states that the Trinity Levee Top Trail System is within 1,000 feet of Privilege. She also states that the Trinity

Levee Top Trail is open to pedestrians, cyclists, and horses. These statements are not conclusory because they are supported by facts within her personal knowledge and expertise. Accordingly, we overrule Saroniko's second issue.

We conclude the trial court erred in granting the City's motion for summary judgment. We reverse this case and remand it to the trial court for further proceedings.