Tonnie KARLE, Appellant,

v.

INNOVATIVE DIRECT MEDIA LTD. CO. d/b/a on Magazine, Nancy Modesti, and Paul Riddle, Appellees.

No. 05–08–01482–CV.

Court of Appeals of Texas, Dallas.

April 1, 2010.

Alexis Katz, James C. Mosser, Mosser PLLC Lawyers, Dallas, TX, for Appellant.

C. John Scheef III, Scheef & Stone, L.L.P., Dallas, TX, Nancy Modesti, Allen, TX, for Appellees.

Before Justices BRIDGES, LANG, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Tonnie Karle appeals the summary judgment granted in favor of Innovative Direct Media Ltd. Co. d/b/a ON Magazine, Nancy Modesti, and Paul Riddle. We reverse the judgment of the trial court and remand the cause for further proceedings.

### BACKGROUND

Karle and Modesti were friends and together developed a concept to publish a magazine highlighting Collin County. At some point, Karle decided not to publish the magazine, and she and Modesti agreed that Modesti would publish it. Karle lent Modesti $29,000 for startup costs. In exchange, Modesti executed two promissory notes totaling $29,000 in favor of Karle. Karle and Modesti also executed a separate written document containing the terms of their agreement for Modesti to publish the magazine (the Agreement). The Agreement provided that Karle would receive a 20% ownership interest in the legal entity that Modesti would eventually form to publish the magazine as consideration for Karle's work and expertise in developing the magazine concept. The Agreement also stated that Karle could accelerate the payment due under the promissory notes if Modesti did not provide Karle evidence of Karle's 20% ownership interest in the company within a specific time period.

Modesti did not make the required payments on the promissory notes or provide Karle evidence of ownership, and Karle accelerated payment under the notes. When Modesti did not pay, Karle sued her. The trial court granted summary judgment in favor of Karle for $29,000 plus interest, costs, and attorney's fees. On that same day, Karle's attorney prepared a letter stating:

> In accordance with Rule 11 of the Texas Rules of Civil Procedure, this letter will confirm that the parties have agreed to the following:
>
>> The order granting summary judgment and monetary recovery includes the implicit finding that Plaintiff does not hold an ownership interest in either ON MAGAZINE or INNOVATIVE DIRECT MEDIA. As such, she is neither entitled to corporate profits nor responsible for corporate debts. Defendant and Plaintiff will cooperate to ensure that Plaintiff's name is not present on any corporate documents or government filings.

Karle's and Modesti's attorneys signed the letter (the rule 11 agreement), and it was filed in the trial court several days after

the court signed the summary judgment in favor of Karle.

About three years later, Karle filed this lawsuit against Modesti, Innovative Direct Media, and Riddle, who, along with Modesti, operated and managed the company. Karle sought a declaration that she owns 20% of Innovative Direct Media. She also alleged fraud and conspiracy to defraud against appellees. Appellees asserted affirmative defenses, relying on the rule 11 agreement filed in the prior lawsuit. They filed a joint motion for summary judgment arguing that Karle's claims were barred by judicial estoppel, collateral estoppel, and res judicata. The trial court granted summary judgment in favor of appellees without stating the basis of the judgment. Karle appeals, raising four issues: (1) she did not authorize her attorney to sign the rule 11 agreement and the rule 11 agreement is not competent summary judgment proof, and her claims are not barred by (2) judicial estoppel, (3) res judicata, or (4) collateral estoppel.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex.2007). A defendant seeking summary judgment on an affirmative defense must conclusively prove each of the elements of the affirmative defense. *See Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex.1996) (per curiam); *Shaun T. Mian Corp. v. Hewlett–Packard Co.*, 237 S.W.3d 851, 854–55 (Tex.App.-Dallas 2007, pet. denied). If the movant meets its burden, then the nonmovant must respond and present evidence raising an issue as to the material facts in question. TEX.R. CIV. P. 166a(c); *see Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999); *Shaun T. Mian Corp.*, 237 S.W.3d at 855. In our review, we examine "the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005)). We will affirm a summary judgment if the record establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Shaun T. Mian Corp.*, 237 S.W.3d at 855.

## DISCUSSION

In appellees' motion for summary judgment, they contended that there were no genuine issues of material fact regarding their three affirmative defenses: judicial estoppel, collateral estoppel, and res judicata. We discuss judicial and collateral estoppel together because appellees relied solely on the rule 11 agreement to establish that Karle is estopped to claim ownership of Innovative Direct Media in the present lawsuit.

### *Judicial and Collateral Estoppel*

To prevail on summary judgment on the theory of judicial estoppel, appellees had to conclusively prove that (1) the rule 11 agreement was made in the course of a judicial proceeding; (2) it was contrary to an essential fact embraced in the theory of recovery by Karle; (3) it was deliberate, clear, and unequivocal; (4) giving conclusive effect to the rule 11 agreement would not run contrary to public policy; and (5) it related to a fact upon which a judgment for Karle was based. *See OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 742 (Tex.App.-Dallas 2007, pet. denied). To prevail on summary judgment on the theory of collateral estoppel, appellees had to conclusively prove that (1) Karle's ownership interest was fully and

fairly litigated in the first lawsuit; (2) Karle's ownership interest was essential to the judgment in the first lawsuit; and (3) the parties were cast as adversaries in the first lawsuit. *Saronikos, Inc. v. City of Dallas,* 285 S.W.3d 512, 516 (Tex.App.-Dallas 2009, no pet.).

Karle disputes that she gave her attorney authority to sign the rule 11 agreement on her behalf. In her affidavit attached to her summary judgment response, Karle stated that she did not authorize her attorney to sign the rule 11 agreement on her behalf and that he signed it without her "knowledge, permission, or authority." She also offered the following chain of emails with her attorney to support her contention that she did not authorize him to sign the rule 11 agreement:

Tonnie,

Attached is a signed agreement stating that you are not part of On Magazine or IDM, and that they will take your name off the books.

Jason

Hi Jason,

Of course this is based on the payment received for the promissory notes and the legal fees and the expenses, correct. She doesn't get me off the ownership unless she pays me back. Let me know where all of this stands when the clerk agrees. Also, I wanted to know how or if I can let our friends/advertisers [sic] we are no longer involved and not responsible for On Magazine as many of the advertisers did so only because we were involved.

Thanks

Tonnie

[Tonnie,]

Right. If she doesn't pay, then you can still argue for 20% ownership. The agreement is that the order and mone-

tary judgment will take you out of the business.

Wait until the court signs the judgment before you tell people, which should be a day or two. The judge has ruled in our favor on the motion, but hasn't signed the judgment awarding money and dismissing the counterclaim yet.

[Jason]

■ Appellees contend that the rule 11 agreement is a deliberate, clear, and unequivocal relinquishment of Karle's ownership interest in Innovative Direct Media. They argue that Karle's attorney is presumed to have had authority to sign the rule 11 agreement on her behalf and that these emails do not rebut that presumption. They also contend that these emails contradict Karle's affidavit because they show that she did have knowledge of the rule 11 agreement.

■ Generally, a court will indulge in every reasonable presumption to support a compromise agreement made by an attorney. *Cleere v. Blaylock,* 605 S.W.2d 294, 296–97 (Tex.Civ.App.-Dallas 1980, no writ). However, when the evidence reveals that the attorney did not have his client's authority, the agreement will not be enforced. *Id.*

■ It is undisputed that Karle did not personally sign the rule 11 agreement. And Karle introduced summary judgment evidence stating she did not authorize her attorney to sign the rule 11 agreement on her behalf. Appellees respond by arguing that Karle's summary judgment evidence is contradictory regarding her knowledge of the rule 11 agreement. But conflicting evidence requires resolution by the factfinder. *See Ebner v. First State Bank of Smithville,* 27 S.W.3d 287, 300–01 (Tex. App.-Austin 2000, no pet.).

Appellees also contend that Karle ratified the rule 11 agreement by failing to deny its validity or offering any correspondence in which she denied her attorney's authority to sign it on her behalf. As movants, however, it was appellees' burden to show conclusively that Karle ratified the rule 11 agreement or that she authorized her attorney to sign it. Appellees referred only to the words of the agreement itself and did not introduce any summary judgment evidence showing that Karle had full knowledge of all relevant facts, that she acted or performed under the rule 11 agreement, or that she affirmatively acknowledged the rule 11 agreement by her conduct. *See id.*

Indulging every inference in Karle's favor and taking her affidavit as true, we conclude that appellees did not conclusively establish that Karle's attorney had authority to sign the rule 11 agreement on Karle's behalf. *See id.* Consequently, appellees did not conclusively establish that they were entitled to summary judgment on the theories of judicial and collateral estoppel. *See OAIC*, 234 S.W.3d at 742; *Saronikos, Inc.*, 285 S.W.3d at 516.

Appellees argue that even if the rule 11 agreement is not clear, deliberate, and unequivocal, we should construe it against Karle because her attorney drafted it. But we are not being asked to construe the rule 11 agreement. Instead, the issue on appeal is whether appellees conclusively established that they were entitled to summary judgment. We conclude that they did not on these issues because they did not prove conclusively that Karle's attorney had authority to sign the rule 11 agreement on Karle's behalf. We resolve appellant's first, second, and fourth issues in her favor.

### Res Judicata

■ The doctrine of res judicata bars the relitigation of claims that have been finally adjudicated or that arise out of the same transaction and could have been litigated in the prior action. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798–99 (Tex.1992); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). A cause of action that arises out of the same facts should, if practicable, be litigated in the same lawsuit. *Barr*, 837 S.W.2d at 630. Factors we consider in determining whether facts constitute a single transaction include "their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Getty Oil*, 845 S.W.2d at 798–99 (internal quotations omitted).

■ Karle argues that her ownership interest was not in dispute until after the final judgment in the prior lawsuit was rendered and, as a result, it was not ripe at the time she sued Modesti over the promissory notes. Appellees contend that Karle relied on Modesti's failure to produce evidence of Karle's ownership interest to prove Modesti's default on the promissory notes in the prior lawsuit, giving Karle "a clear indication" that "there was a potential for disagreement between the parties concerning any interest owned by Karle."

We conclude that Karle's present lawsuit does not arise out of the same transaction as her prior lawsuit against Modesti. The two lawsuits arose under different facts and different contracts. *See Solar Soccer Club v. Prince of Peace Lutheran Church of Carrollton*, 234 S.W.3d 814, 822 (Tex.App.-Dallas 2007, pet. denied); *Tex. Beef Cattle Co. v. Green*, 860 S.W.2d 722, 724 (Tex.App.-Amarillo 1993, writ denied). Karle's present action against Modesti arose out of the Agreement to publish the magazine, whereas the prior lawsuit involved Modesti's default under two promissory notes for startup costs. *See Green*,

860 S.W.2d at 724. In addition, the two lawsuits seek different relief. The present lawsuit seeks a declaration against Modesti, Innovative Direct Media, and Riddle that the Agreement gave Karle a 20% ownership interest in Innovative Direct Media d/b/a ON Magazine. The prior lawsuit sought a money judgment against Modesti in her individual capacity for the amount she owed under the promissory notes. We conclude that appellees did not conclusively establish that both actions arose from the same transaction. We resolve appellant's third issue in her favor.

### Conclusion

We reverse the trial court's summary judgment and remand for further proceedings.