REVERSE and REMAND; and Opinion issued March 28, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01645-CV

## VINCE POSCENTE INTERNATIONAL, INC., VINCE POSCENTE, AND MICHELLE POSCENTE, Appellants

V.

## COMPASS BANK, Appellee

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-02889-2011

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Appellee Compass Bank brought this suit against appellants Vince Poscente International, Inc., Vince Poscente, and Michelle Poscente (collectively, the Poscentes) to recover sums allegedly due and owing under a promissory note and guaranties. The trial court granted summary judgment in favor of Compass. In four issues on appeal, the Poscentes argue that the affidavit Compass submitted in support of its motion for summary judgment was not competent evidence, Compass did not comply with local rules, Compass did not provide competent evidence to support factual conclusions in its motion for summary judgment, and guaranties executed by Vince and Michelle Poscente were illegal and unenforceable. Because all dispositive issues are settled in law, we issue

this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Compass filed suit against the Poscentes to recover sums it alleged were due and owing under a promissory note executed by Vince Poscente International, Inc.,[1] and guaranties executed by Vince Poscente and Michelle Poscente.[2] In its petition, Compass alleged that it was the owner and holder of the note and entitled to receive the money due under the terms of the note, that Vince and Michelle Poscente personally guaranteed payment of the note, that the Poscentes defaulted in paying the note, and that the account had been accelerated. Compass sought to recover the alleged payoff balance, pre-judgment and post-judgment interest, costs of court, and attorney's fees. In response, the Poscentes asserted special exceptions, a general denial, and affirmative defenses.

Compass filed a motion for summary judgment. In support of its motion, Compass relied upon an Affidavit in Support of Motion for Summary Judgment and for Admission of Business Records under rule of evidence 902(10) of Paula Shaw. See TEX. R. EVID. 902(10). In the affidavit, Shaw attested that she was custodian of the records at Compass concerning the Poscentes' account and that she had personal knowledge of the facts stated in the affidavit. Attached to her affidavit were copies of the note and two guaranties. Compass also submitted an affidavit of its attorney supporting recovery of attorney's fees. The Poscentes responded to Compass's motion for summary judgment and raised the arguments that they present in this appeal, including objections to the affidavit of Paula Shaw.

---

[1] The note lists the borrower as Vince Poscente International. The pleadings in this case refer to Vince Poscente International, Inc. For consistency, we refer to Vince Poscente International, Inc.

[2] Compass filed suit in a district court in Dallas County. After the Poscentes filed a motion to transfer venue, the Dallas County court entered an Agreed Order Granting Defendants' Motion to Transfer Venue transferring this case to a district court in Collin County.

The court granted Compass's motion for summary judgment and rendered judgment against the Poscentes for $138,646.37, pre-judgment and post-judgment interest, costs, attorney's fees, and conditional appellate attorney's fees. The Poscentes subsequently filed a request for findings of fact and conclusions of law and a motion for reconsideration of summary judgment, but the court did not rule on the request or the motion. This appeal followed.

## APPLICABLE LAW AND STANDARD OF REVIEW

To prevail on summary judgment on a claim on a note, the plaintiff must prove the note in question, that the defendant signed the note, that the plaintiff is the legal owner and holder of the note, and that a certain balance is due and owing on the note. *See TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.). To prevail on summary judgment on a claim of breach of a guaranty, the plaintiff must present competent summary judgment proof that conclusively establishes the existence and ownership of the guaranty, the performance of the terms of the guaranty by the plaintiff, the occurrence of the condition on which liability is based, and the guarantor's failure or refusal to perform the promise. *See Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet.); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 80 (Tex. App.—Texarkana 2008, pet. denied).

A plaintiff who moves for traditional summary judgment has the burden to conclusively prove all elements of its claim as a matter of law. *See* TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). If the plaintiff satisfies its burden, the burden shifts to the defendant to preclude summary judgment by presenting evidence that raises a genuine issue of material fact. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex. 1982); *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied). We review a trial court's decision to grant summary judgment de novo to

determine whether a party's right to prevail is established as a matter of law. *Montgomery v. Aurora Loan Servs., LLC*, 375 S.W.3d 617, 619 (Tex. App.—Dallas 2012, pet. denied).

We review a trial court's decision to admit or exclude summary judgment evidence for an abuse of discretion. *Nelson v. Pagan*, 377 S.W.3d 824, 830 (Tex. App.—Dallas 2012, no pet.). We will not reverse a judgment on the ground of improperly admitted evidence unless a party shows that the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Main v. Royall*, 348 S.W.3d 381, 388 (Tex. App.—Dallas 2011, no pet.). To make this showing, the complaining party typically must demonstrate that the judgment turns on the particular evidence admitted or excluded. *Main*, 348 S.W.3d at 388.

### SUFFICIENCY OF AFFIDAVIT SUPPORTING MOTION FOR SUMMARY JUDGMENT

In their first issue, the Poscentes argue that, even if the affidavit Compass submitted to support its motion for summary judgment was sufficient for admission of the note and guaranties as business records, the affidavit was "incompetent evidence for any other fact asserted therein, *including the existence of a default by Appellants*."

**Content of Affidavit**

In Shaw's affidavit, Shaw attested that she had "personal knowledge of facts herein stated all of which are true and correct" and that she was "the custodian of the records of Compass Bank in regard to the account of Vince Poscente International, Inc., Vince Poscente, and Michelle Poscente." She testified that the records attached to her affidavit were the original or exact duplicates of the note and guaranties and were business records of Compass. Shaw also testified that (1) Compass was the owner and holder of the note and entitled to receive amounts due on the note, (2) Vince and Michelle Poscente personally guaranteed the debt, as evidenced by the attached guaranties, (3) the Poscentes defaulted in paying the note and the account had been accelerated, (4)

the payoff balance due as of January 31, 2011 was $138,646.37, (5) interest was accruing at the contract rate of 7.280%, (6) the Poscentes' account as described in Compass's motion for summary judgment was "within her personal knowledge just and true[,]" (7) the total amount of the account was due Compass and "all just and lawful offsets, payments, and credits ha[d] been allowed[,]" and (8) "each and every statement of fact contained in th[e] Motion for Summary Judgment is true and correct."

## Summary of Arguments

The Poscentes argue that the business records did not support and Shaw's affidavit was not competent to prove Shaw's conclusions and factual assertions concerning the occurrence and manner of the default, Compass's subsequent actions, the application of payments, credits, and offsets, the accrual of interest, and the payoff balance due as of a certain date. The Poscentes contend that "Shaw's factual testimony [wa]s insufficiently specific, conclusory, not based on her personal knowledge, not supported by the records that are the basis of her testimony, and d[id] not fall under the business records exception to the hearsay rule, or any other hearsay exception." The Poscentes argue that, even though the affidavit identified Shaw as custodian of the records, it did not state whether she was employed by Compass, identify Shaw's job title or position with Compass, or explain the basis of her personal knowledge. Quoting *Valenzuela v. State & Mutual Fire Insurance Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.), the Poscentes argue that Shaw's affidavit did not "positively show a basis for the knowledge" and, as a result, Shaw's affidavit was not competent summary judgment evidence. The Poscentes argue that, because Shaw's affidavit was not competent evidence, there was no competent evidence to prove a default or that a balance was due and owing on the note and, consequently, Compass failed to meet its burden to conclusively prove all elements of its claim as a matter of law.

-5-

Compass argues that the trial court acted within its discretion and correctly relied upon Paula Shaw's affidavit when it granted summary judgment in Compass's favor. Compass contends that Shaw's affidavit was a verified business records affidavit under rule of evidence 902(10) with "unchallenged copies" of the note and guaranties attached and was also a sworn account affidavit that conformed with rule of civil procedure 185 as evidence of the debt. *See* TEX. R. EVID. 902(10); TEX. R. CIV. P. 185. Compass also argues that Shaw's affidavit satisfied the personal knowledge requirement and was not conclusory. Compass argues that Shaw's affidavit satisfied the personal knowledge requirement because Shaw was "the unchallenged custodian of the records of Compass Bank" and she "swore that she had personal knowledge of the facts of the Motion for Summary Judgment."

In addition, Compass argues that the Poscentes did not file a verified denial of their execution of the note and guaranties under rule of civil procedure 93(7), did not assert affirmative defenses under rule of civil procedure 94, did not plead payment under rule of civil procedure 95, did not challenge the amount Compass alleged to be due and owing on the note in their summary judgment affidavits, and did not deny that all conditions precedent had occurred for recovery by Compass under rule of civil procedure 54. *See* TEX. R. CIV. P. 54, 93(7), 94, 95. Compass argues that the Poscentes did not offer any contradictory or rebuttal summary judgment evidence to challenge the instruments, their default, the amount Paula Shaw testified was due and owing, Compass's right to interest, or the amount of attorney's fees. Compass argues that the trial court acted within its discretion when it admitted Shaw's affidavit. Additionally, Compass argues that, even if the trial court abused its discretion when it admitted Shaw's affidavit, this Court should not reverse the trial court's decision because Compass otherwise established the elements of its claim and, as a result, the error did not cause the court to render an improper judgment.

## Discussion

### *Sworn Account Argument*

First, we note that, although Compass claims in its appellate brief that Shaw's affidavit is a sworn account affidavit under rule of civil procedure 185, Compass did not allege in its petition, motion for summary judgment, or appellate brief that this is a suit on a sworn account under rule 185.[3] *See* TEX. R. CIV. P. 185. And Compass did not object below or argue on appeal that the Poscentes did not file a verified denial to a sworn account claim. *See id.*; *see also Panditi v. Apostle,* 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.) ("[I]t is within the province of the court of appeals to determine, as a matter of law, whether the pleadings are sufficient on their face to constitute a sworn account."); *Robinson v. Faulkner,* 422 S.W.2d 209, 213 (Tex. Civ. App.—Dallas 1967, writ ref'd n.r.e.) (finding that, even if stated claim was a claim on a sworn account, appellant waived argument that appellee did not verify his answer because appellant did not bring this defect to the attention of the trial court prior to judgment). But regardless of whether Compass waived its position that it submitted a sworn account affidavit and even if Shaw's affidavit met the requirements of rule 185 for a suit on a sworn account, Compass still had to satisfy the requirements of rule of civil procedure 166a(f) to support its motion for summary judgment. *See* TEX. R. CIV. P. 166a(f); *McCollum v. May,* 396 S.W.2d 170, 171, 173 (Tex. Civ. App.—Dallas 1965, no writ) (finding affidavit complied with rule 185 for a suit on a sworn account but did not meet the requirements of formerly designated rule 166-A to support summary judgment because affidavit did not state that affidavit was made on personal knowledge and that affiant was competent to testify).

---

[3] The record contains three references to a sworn account: (1) the title of Shaw's affidavit that was attached to Compass's original petition was "Affidavit for Sworn Account (Tex. R. Civ. P. 185) and for Admission Business Records (Tex. R. Civ. Evid. 902[10])" but the title of Shaw's affidavit attached to Compass's motion for summary judgment did not refer to a sworn account, but only that it was in support of the summary judgment and for the admission of business records under rule of evidence 902(10), (2) Compass's counsel stated in his affidavit for attorney's fees that "[t]his case involves a suit on sworn account[,]" and (3) some of the language in Shaw's affidavits attached to the original petition and motion for summary judgment tracked the language in rule of civil procedure 185 concerning a suit on account. *See* TEX. R. CIV. P. 185.

*Personal Knowledge Requirement*

Rule 166a(f) of the rules of civil procedure requires that affidavits submitted to support or oppose a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f); *see Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex. 1988); *Stone*, 334 S.W.3d at 375. A recitation of "personal knowledge" does not convert unsupported conclusions into admissible evidence. *Neel v. Tenet HealthSystem Hosps. Dallas, Inc.*, 378 S.W.3d 597, 608 (Tex. App.—Dallas 2012, pet. filed). An affidavit must affirmatively show the basis for the affiant's personal knowledge. *Id.* It may do so by describing the affiant's position or job responsibilities and how he acquired knowledge through the job or responsibilities. *Stone*, 334 S.W.3d at 375; *Valenzuela*, 317 S.W.3d at 553–54; *see Saronikos, Inc. v. City of Dallas*, 285 S.W.3d 512, 516 (Tex. App.—Dallas 2009, no pet.) (finding affiant's testimony stating her position and responsibilities, which included managing a park project, demonstrated her personal knowledge of issues concerning park); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 698 (Tex. App.—Dallas 2008, no pet.) (finding affiant established personal knowledge through his testimony that he was the Scout Executive and CEO of defendant and that he had knowledge of its operations and organization). An affidavit that does not show a basis for personal knowledge is legally insufficient. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008).

Although Shaw stated in her affidavit that her testimony was based on her personal knowledge, the affidavit did not establish how Shaw obtained personal knowledge of the facts to which she testified. The affidavit did not demonstrate whether she was employed by Compass, what her job position and responsibilities were, or how her job duties gave her personal knowledge of the

–8–

facts. The two cases that Compass cites to support its position that Shaw's affidavit met the personal knowledge requirement are distinguishable because, unlike Shaw's affidavit, the affidavit in each of those cases established how the affiant obtained personal knowledge of the matters stated in the affidavit. *See Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex. App.—San Antonio 1998, pet. denied) (noting affiant identified himself as a party to the suit and settlement agreement at issue, owner and landlord of property that was subject to the lease at issue, and holder of the promissory note at issue); *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 868 (Tex. App.—Texarkana 1994, no writ) (stating affiant asserted that he was superintendent of schools and custodian of school district records and attested that attached copies of school records were true and correct).

As a result, Shaw's statements—other than those concerning the admission of the note and guaranties as business records—amount to no evidence. *See Neel*, 378 S.W.3d at 608 (finding affidavit of officer of entity did not establish basis for personal knowledge of other party's efforts or decisions concerning mitigation of damages); *Primary Media, Ltd. v. City of Rockwall*, No. 05-09-01116-CV, 2011 WL 908353, at *3 (Tex. App.—Dallas Mar. 17, 2011, no pet.) (mem. op.) (concluding that affidavit was incompetent summary judgment evidence because affidavit did not demonstrate that affiant held any position with city during relevant time period that would provide the basis for his personal knowledge of attested facts); *Stone*, 334 S.W.3d at 375–77 (stating that an affidavit that does not demonstrate a basis for personal knowledge is incompetent summary judgment evidence and concluding that affiant's statement that he was officer and managing director at company that was advisor to appellee did not demonstrate how affiant's job responsibilities during the relevant time period afforded him personal knowledge of facts he attested to in affidavit); *Valenzuela*, 317 S.W.3d at 554 (finding affidavit incompetent to prove stated facts because, although affidavit stated affiant was claims manager for insurance company, it did not establish how her job

duties gave her knowledge of facts at issue, whether she was claims manager during the relevant time period, or how she was familiar with claim). Because we conclude that Shaw's affidavit was not competent summary judgment evidence, we need not discuss the other arguments raised by the parties in this first issue.

## SUFFICIENCY OF THE EVIDENCE

The Poscentes argue that, because there was no competent summary judgment evidence of a balance due and owing under the note or a default in payment, Compass did not meet its burden to conclusively establish all elements of its claim as a matter of law, and, consequently, the trial court erred in granting Compass summary judgment. We agree. Because Shaw's affidavit was the only summary judgment evidence of the amount due and owing on the note and the indebtedness for which Vince and Michelle Poscente were liable as guarantors, and because we have concluded that Shaw's affidavit was not competent summary judgment evidence, we conclude that Compass did not conclusively prove all essential elements of its cause of action as a matter of law and the trial court erred in granting summary judgment to Compass. *See Clear Creek*, 589 S.W.2d at 678 (stating the movant for summary judgment must conclusively prove all essential elements as a matter of law).

We sustain the Poscentes' first issue. Because of our resolution of the first issue, we do not need to reach the Poscentes' other three issues.

## CONCLUSION

We reverse the trial court's summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

_____
ELIZABETH LANG-MIERS
JUSTICE

111645F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VINCE POSCENTE INTERNATIONAL, INC., VINCE POSCENTE, AND MICHELLE POSCENTE, Appellants

No. 05-11-01645-CV     V.

COMPASS BANK, Appellee

Appeal from the 380th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 380-02889-2011).
Opinion delivered by Justice Lang-Miers, Justices O'Neill and FitzGerald participating.

In accordance with this Court's opinion of this date, the trial court's summary judgment dated September 9, 2011 is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion. It is **ORDERED** that appellants Vince Poscente International, Inc., Vince Poscente, and Michelle Poscente recover their costs of this appeal from appellee Compass Bank.

Judgment entered March 28, 2013.

ELIZABETH LANG-MIERS
JUSTICE