# NO. 12-16-00207-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS OILFIELD SERVICES, LLC,* *APPELLANT* | § | *APPEAL FROM THE 97TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ALBERT CLARK,* *APPELLEE* | § | *MONTAGUE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Thomas Oilfield Services, L.L.C. (TOS) appeals the trial court's grant of summary judgment in favor of Albert Clark. TOS presents two issues on appeal. We reverse and remand.

## BACKGROUND

Clark was employed by TOS in May 2015. His duties included overseeing TOS's production operations crews. Clark claims that he suffered heat stroke while working for TOS in July 2015, which lead to the onset of seizures. Clark contacted an attorney to pursue filing a workers' compensation incident report. Shortly thereafter, according to Clark, TOS terminated his employment.

Clark sued TOS for (1) breaching his employment contract, and (2) violating the Texas Labor Code by retaliating against him for retaining counsel to pursue a workers' compensation claim. Clark later moved for summary judgment, claiming entitlement to judgment as a matter of law on both his breach of contract and retaliatory discharge claims. TOS responded to the motion. Clark filed a reply to TOS's response and objected to TOS's summary judgment evidence. Following a hearing, the trial court sustained Clark's objections to TOS's evidence and granted summary judgment for Clark. TOS filed a motion for rehearing and new trial, which the trial court denied. This appeal followed.

In its first issue, TOS contends the trial court erred in granting summary judgment for Clark and awarding damages and attorney's fees to Clark.

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985). When the movant seeks summary judgment on a claim in which he has the burden of proof, he must prove all elements of his cause of action as a matter of law. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant establishes a right to summary judgment, the nonmovant must respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex. 1979). Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response any reason for avoiding the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

We review a trial court's summary judgment ruling de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). In doing so, we take as true all evidence favorable to the nonmovant, resolve all conflicts in the evidence in the non-movants' favor, and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Steel*, 997 S.W.2d at 223; *see also Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). A fact issue arises when "reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Conflicting evidence requires resolution by the factfinder, rather than by summary judgment. *Karle v. Innovative Direct Media Ltd. Co.*, 309 S.W.3d 762, 765 (Tex. App.—Dallas 2010, no pet.).

## Breach of Contract Analysis

On appeal, TOS argues that Clark did not establish all the essential elements of his breach of contract claim as a matter of law. Specifically, TOS argues that Clark's summary judgment evidence is legally insufficient to support the existence of an employment contract because (1)

the evidence does not prove the existence of a valid employment contract, and (2) Clark's affidavit regarding the existence of a contract contains legal conclusions.

In response, Clark maintains that TOS failed to preserve this issue for appellate review by neglecting to raise it at trial. However, the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. *City of Houston*, 589 S.W.2d at 678. The nonmovant need not object to the legal sufficiency of a traditional summary judgment motion to preserve a challenge on appeal. *See McConnell*, 858 S.W.2d at 341. When the nonmovant brings a legal sufficiency challenge, the movant must still establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action as a matter of law. *Id*. Accordingly, TOS is entitled to present its legal sufficiency challenge to the existence of an employment contract. *See id*. at 343.

In his motion for summary judgment, Clark stated that he was prematurely fired in violation of his employment agreement. He provided an email from TOS as evidence of the alleged employment contract. The email stated that TOS had secured a company vehicle for Clark and would order Clark's shirts and business cards. The email further stated that Clark's base salary would be "$90K per year plus a commission percentage[]" and that Clark would receive a sign-on bonus. The commission percentage plus Clark's salary would equal $130,000 to $135,000 per year. A separate commission would be paid for any other work secured by Clark for TOS. The bonus amount was to be determined "based on the $90k and the commission to equal $150k for the first year's salary." On appeal, Clark contends this language created a valid contract in which TOS agreed to employ him for a full year.

The elements for breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.). Texas has rejected the so-called "English rule" that hiring an employee at a stated sum per week, month, or year always constitutes a promise of a definite employment for that term. *Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 331-32 (Tex. 2006). Employment in Texas is presumed to be at-will unless there is an unequivocal agreement to be bound for that term. *Id.* at 332. "Standing alone, an

agreement to pay at a stated rate is not enough; if it were, there would be very few at-will employees." *Id.*

In this case, Clark's summary judgment evidence does not overcome, as a matter of law, the presumption of at-will employment. Rather, the email establishes nothing more than an agreement to pay a stated rate. The email does not express an unequivocal intent by TOS to be bound not to terminate Clark's employment for a specified term. *See Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487-88 (Tex. 2002). As the Texas Supreme Court has made clear, however, the "employer must unequivocally indicate its intent to be bound not to terminate a person's employment." *Id.* at 488; *see D'Unger*, 207 S.W.3d at 332. Absent such unequivocal language, Clark's summary judgment evidence does not establish, as a matter of law, the existence of a valid contract to employ Clark for a full year. *See D'Unger*, 207 S.W.3d at 332*; see also Jones,* 92 S.W.3d at 488; *Paragon Gen. Contractors, Inc.*, 227 S.W.3d at 882. Thus, taking as true all evidence favorable to TOS, we conclude that Clark failed to conclusively prove all elements of his breach of contract claim as a matter of law and, consequently, did not establish his entitlement to summary judgment as a matter of law. *See Steel*, 997 S.W.2d at 223. For this reason, the trial court erred by granting Clark's motion for summary judgment on his breach of contract claim. *See* TEX. R. CIV. P. 166a(c); *see also Steel,* 997 S.W.2d at 223.

**Retaliatory Discharge Analysis**

TOS also contends that Clark failed to establish all the essential elements of his retaliatory discharge claim as a matter of law. According to TOS, Clark's evidence is legally insufficient to conclusively establish that Clark's employment was terminated or that, if he was terminated, it resulted from his pursuit of a workers' compensation claim.

Under Chapter 451 of the Texas Labor Code, "[a] person may not discharge or in any other manner discriminate against an employee because the employee has: filed a workers' compensation claim in good faith," or otherwise participated in a workers' compensation claim or suit in specified ways. TEX. LAB. CODE ANN. § 451.001 (West 2006). Section 451.001 is a statutory exception to the Texas common-law doctrine of employment-at-will. *Lozoya v. Air Sys. Components, Inc.,* 81 S.W.3d 344, 347 (Tex. App.—El Paso 2002, no pet.); *Jenkins v. Guardian Indus. Corp.,* 16 S.W.3d 431, 435 (Tex. App.—Waco 2000, pet. denied). The statute is intended to protect persons entitled to benefits under the Texas Workers' Compensation Act

4

and to prevent them from being discharged for filing claims to collect those benefits. *Trico Tech. Corp. v. Montiel*, 949 S.W.2d 308, 312 (Tex. 1997); *Lozoya*, 81 S.W.3d at 347.

To prove a retaliatory discharge claim, the employee must show that the employer's action would not have occurred when it did but for the filing of the worker's compensation claim. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). An employee may prove the causal link between the adverse employment decision and the workers' compensation claim by direct or circumstantial evidence. *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 436 (Tex. App.—Waco 2000, pet. denied). Circumstantial evidence of the causal link includes (1) knowledge of the compensation claim by those making the decision on termination, (2) expression of a negative attitude towards the employee's injured condition, (3) failure to adhere to established company policies, (4) discriminatory treatment in comparison to similarly situated employees, and (5) evidence that the stated reason for the discharge was false. *Cont'l Coffee*, 937 S.W.2d at 451. An employee's subjective beliefs are no more than conclusions and cannot support summary judgment for retaliatory discharge under the Workers' Compensation Act. *Id.* at 452.

In this case, Clark's summary judgment evidence in support of his retaliatory discharge claim consists entirely of his affidavit. Therefore, we must review the affidavit to determine if it conclusively establishes as a matter of law that he was terminated by TOS and would not have been discharged but for his pursuit of a workers' compensation claim. *See id.*; *see also Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 313 (Tex. 2015). To be competent summary judgment evidence, the affidavit must state facts and not merely recite legal conclusions. *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Clark's affidavit presents the following facts: (1) Clark began working for TOS in May 2015 and experienced a medical event in July; (2) Clark communicated with TOS representatives shortly after the medical event; (3) Clark retained an attorney, who sent correspondence to TOS regarding a workers' compensation claim; and (4) Clark had a conversation with Greg Peeler, TOS's president, after the correspondence was sent to TOS. In his affidavit, Clark states that, in July, when he contacted TOS, he expressed "frustration with the working conditions that caused [his] injury and that [] had even led [him] to start considering other employment options." The affidavit further states that, on August 4, a TOS representative came to Clark's residence to

retrieve his company truck, credit card, and telephone. Clark asked if these actions meant that he had been terminated, and "[s]urprisingly, [the representative] responded that I had quit through earlier communications." Clark's affidavit states that "[t]his was untrue[,]" that his prior complaint was not a resignation, and that he never resigned from his employment.[1]

While the retrieval of the company property suggests that Clark was no longer employed by TOS, it does not conclusively establish as a matter of law that Clark was terminated or the exact date that his employment ceased. Furthermore, even assuming Clark was terminated, the affidavit does not present legally sufficient evidence to conclusively establish that Clark's pursuit of a workers' compensation claim caused the discharge. At best, the affidavit supports an inference that TOS may have been aware that Clark was pursuing a workers' compensation claim when the company truck, telephone, and credit card were retrieved in August 2015. However, such an inference is insufficient to conclusively establish that TOS's actions were in retaliation of his pursuit of the claim. *See* **Melendez**, 477 S.W.3d at 313; *see also* **Elizondo**, 415 S.W.3d at 264; **Cazarez**, 937 S.W.2d at 450; **Brownlee**, 665 S.W.2d at 112.

Accordingly, indulging all reasonable inferences in favor of TOS, we conclude that Clark's affidavit fails to conclusively establish as a matter of law that he was terminated as a result of pursuing a workers' compensation claim. *See* TEX. R. CIV. P. 166a(c); *see also* **Steel**, 997 S.W.2d at 223. For this reason, the trial court erred by granting summary judgment on Clark's retaliatory discharge claim.

Because summary judgment was improper, we sustain TOS's first issue and need not address TOS's second issue. *See* **Nixon**, 690 S.W.2d at 548; *see* TEX. R. APP. P. 47.1.[2]

## DISPOSITION

Having sustained TOS's first issue, we *reverse* the trial court's judgment and *remand* this case for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

---

[1] Clark's affidavit lists the dates for his conversation with Peeler and the visit from the company representative as occurring in 2016. However, it is our understanding from the record that these events occurred in 2015.

[2] In its second issue, TOS challenges the denial of its motion for rehearing and for new trial, in which it challenged the trial court's summary judgment ruling.

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00207-CV**

**THOMAS OILFIELD SERVICES, LLC,**
Appellant
V.
**ALBERT CLARK,**
Appellee

Appeal from the 97th District Court

of Montague County, Texas (Tr.Ct.No. 2015-0316M-CV)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**  and that all costs of this appeal are hereby adjudged against the Appellee, **ALBERT CLARK**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*