ACCEPTED
14-15-00151-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/23/2015 3:26:04 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00151-CV

## IN THE COURT OF APPEALS FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/23/2015 3:26:04 PM
CHRISTOPHER A. PRINE
Clerk

### 5500 GRIGGS, INC.,
*Appellant,*

### V*.*

### FAMCOR OIL, INC.,
*Appellee.*

### On Appeal from the 270TH Judicial District Court of Harris County, Texas
### Trial Court Cause No. 2009-21808

## FAMCOR OIL, INC.'S APPELLEE'S BRIEF

<u>**ORAL ARGUMENT REQUESTED**</u>

Peter J. Bambace
State Bar No. 01660900
*peter@holmbambace.com*
Kayla J. Chudej
State Bar No. 24094589
*kchudej@holmbambace.com*
Holm Bambace LLP
1010 Lamar Street, Suite 1100
Houston, Texas 77002
(713) 652-9700 – Telephone
(713) 652-9702 – Facsimile

**ATTORNEYS FOR APPELLEE, FAMCOR OIL, INC.**

# IDENTITY OF PARTIES AND COUNSEL

**Appellants**                                    5500 Griggs, Inc.

**Counsel for Appellants**              Jerry L. Schutza
                                                        State Bar No. 17853800
                                                        11 Greenway Plaza, Suite 2820
                                                        Houston, Texas 77046
                                                        (713) 961-1200 – Telephone
                                                        (713) 961-0941 – Facsimile


**Appellees**                                     Famcor Oil, Inc.

**Counsel for Appellees**               Peter J. Bambace
                                                        State Bar No. 01660900
                                                        *peter@holmbambace.com*
                                                        Kayla J. Chudej
                                                        State Bar No. 24094589
                                                        *kchudej@holmbambace.com*
                                                        Holm Bambace LLP
                                                        1010 Lamar Street, Suite 1100
                                                        Houston, Texas 77002
                                                        (713) 652-9700 – Telephone
                                                        (713) 652-9702 – Facsimile

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ................................................................... ii

Index of Authorities ................................................................................. iv

Statement of the Case ............................................................................. 1

Issues Presented ...................................................................................... 3

Contest of Appellant's Statement of Facts .............................................. 4

Statement of Facts.................................................................................... 4

Summary of the Argument ....................................................................... 6

Standard of Review .................................................................................. 7

Arguments ................................................................................................ 8

A.  The Trial Court Should Not Have Considered Appellant's
Affidavits as Summary Judgment Evidence ....................................... 8

B.  The Trial Court Did Not Err in Granting Famcor's
Second Motion for No-Evidence Summary Judgment Evidence ...... 12

    1.  Appellant Failed to Produce Sufficient Evidence of a Valid,
Enforceable Contract and that Appellant is a
Proper Party to Sue for Breach of Contract............................ 13

    2.  Appellant Failed to Produce Sufficient Evidence that it
Performed or Tendered Performance Under the Contract ...... 15

    3.  Appellant Failed to Produce Sufficient Evidence that
Famcor Breached the Contract................................................ 16

    4.  Appellant Failed to Produce Sufficient Evidence that it
Suffered Damages as a Result of Famcor's Breach .............. 17

Conclusion and Prayer.................................................................. 19

Certificate of Service.................................................................. 21

Certificate of Compliance............................................................. 22

# INDEX OF AUTHORITIES

**Cases**                                                                                        **Page**

*B&W Sup. v. Beckman*,
   305 S.W.3d 10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ...... 12

*Boerjan v. Rodriguez*,
   436 S.W.3d 307 (Tex. 2014) ................................................................7

*Brownlee v. Brownlee*,
   665 S.W.2d 111 (Tex. 1984) ...............................................................10

*Choctaw Prop., LLC v. Aledo ISD*,
   127 S.W.3d 235 (Tex. App.—Waco 2003, no pet.)................................10

*Dolcefino v. Randolph*,
   19 S.W.3d 906 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) .... 10

*Dow Chem. Co. v. Francis*,
   46 S.W.3d 237 (Tex. 2001) ..................................................................7

*Ford Motor Co. v. Ridgway*,
   135 S.W.3d 598 (Tex. 2004) .................................................................6

*Haynes v. City of Beaumont*,
   35 S.W.3d 166 (Tex. App.—Texarkana 2000, no pet.) ......................... 10

*Holloway v. Dekkers*,
   380 S.W.3d 315 (Tex. App.—Dallas 2012, no pet.) ...............................9

*Johnson v. Brewer & Pritchard, P.C.*,
   73 S.W.3d 193 (Tex. 2002) ..................................................................8

*King Ranch, Inc. v. Chapman*,
   118 S.W.3d 742 (Tex. 2003) ................................................................8

*Mandell v. Hamman Oil & Ref. Co.*,
   822 S.W.2d 153 (Tex. App.—Houston [1st Dist.] 1991, writ denied)..... 12

*Mercer v. Daoran Corp.*,
676 S.W.2d 580 (Tex. 1984) ........................................................... 9

*Merrell Dow Pharms., Inc. v. Havner*,
953 S.W.2d 706 (Tex. 1997) ........................................................... 8

*Nall v. Plunkett*,
404 S.W.3d 552 (Tex. 2013) ........................................................... 7

*Selz v. Friendly Chevrolet, LTD.*,
152 S.W.3d 833 (Tex. App.—Dallas 2005, no pet.) ............................ 10

*Stone v. Midland Multifamily Equity REIT*,
334 S.W.3d 371 (Tex. App.—Dallas 2011, no pet.) ............................. 9

*Trejo v. Laredo Nat'l Bank*,
185 S.W.3d 43 (Tex. App.—San Antonio 2005, no pet.) ...................... 10

*Wal-Mart Stores, Inc. v. Merrell*,
313 S.W.3d 837 (Tex. 2010) ................................................... 9, 10, 13

## **Rules**

TEX. R. CIV. P. 166a(c) ............................................................... 18

TEX. R. CIV. P. 166a(i) ................................................................. 8

TEX. R. CIV. P. 193.6 .................................................................. 11

# **ABBREVIATIONS**

"C.R." means the Clerk's Record that was filed with this Court on May 6, 2015.

# STATEMENT OF THE CASE

1. On April 7, 2009, Appellant, 5500 GRIGGS, INC. ("Appellant"), filed its Original Petition, a breach of contract real estate claim, against Appellee, FAMCOR OIL, INC ("Famcor"). C.R. 3–10.

2. On September 30, 2009, Famcor filed its Original Answer. C.R. 11–12. In its Original Answer, Famcor entered a general denial of matters pled by Appellant pursuant to Rule 92 of the Texas Rules of Civil Procedure. C.R. 11–12.

3. On June 20, 2014, Famcor filed its First Amended Original Answer. C.R.13–15.

4. On October 23, 2014, Famcor filed its Second Motion for No-Evidence Summary Judgment. C.R. 16–23.

5. On November 7, 2014, Appellant filed its Response to Defendant's Second Motion for No-Evidence Summary Judgment with Exhibits. C.R. 24–117.

6. On November 13, 2014, Famcor filed its Reply in Support of its Second Motion for No-Evidence Summary Judgment. C.R. 118–127.

7. On November 21, 2014, the Trial Court signed the Order Granting Defendant's Summary Judgment. C.R. 147–148.

8.    On December 19, 2014, Appellant filed a Motion for Reconsideration of Summary Judgment and for New Trial.  C.R. 149–150.

9.    On December 29, 2014, Famcor filed its Response to Plaintiff's Motion for Reconsideration and for New Trial.  C.R. 151–157.

10.   On February 16, 2015, Appellant filed its Notice of Appeal.  C.R. 164.

## ISSUES PRESENTED

1.  Did the Trial Court err by considering Appellant's affidavits as summary judgment evidence?

2.  Did the Trial Court err by granting Famcor's Second Motion for No-Evidence Summary Judgment?

## CONTEST OF APPELLANT'S STATEMENT OF FACTS

Famcor contests the Statement of Facts contained in Appellant's Opening Brief on the Merits. The Statement of Facts is comprised of statements taken verbatim from the section of Appellant's Response to Famcor's Second Motion for No Evidence Summary Judgment labeled "There Is Evidence to Support Plaintiff's Claims." Accordingly, Appellant's Statement of Facts is speculative, conclusory, and assumes facts that are not in evidence. Specifically, Appellant's contention that Famcor's drilling and operation of the well has caused damage to Griggs because it caused a reduction of the value of the Property is speculative, conclusory, and assumes facts that are not in evidence. Additionally, Appellant's reliance on the Affidavit of Joe Stanfield is improper as the affidavit contains conclusory and speculative statements without pointing to any facts supporting his conclusions. As such, Mr. Stanfield's affidavit is insufficient as a matter of law and should not be relied upon.

## STATEMENT OF FACTS

This appeal arises out of a breach of contract lawsuit that Appellant filed against Famcor on April 7, 2009. In its Original Petition, Appellant alleged that it owned the surface rights of the property onto which Famcor entered and drilled one or more wells. C.R. 3–6. Appellant further alleged

4

that this property was subject to a Surface Use Restrictions Agreement (the "SUA") which provided that Famcor had to compensate Appellant for any reduction in the fair market value of the surface estate caused by Famcor's drilling. C.R. 3–6. However, Appellant failed to produce any evidence that any drilling by Famcor actually caused a reduction in the fair market value of the property.

Famcor provided Appellant with more than adequate time for discovery before it initially requested summary judgment on June 20, 2014. At that point, the case was more than five years old and was on its seventh trial setting. Appellant had gone four years without responding to interrogatories or requests for production, designating necessary experts, or otherwise identifying the amount or method of calculating damages as required by law. Appellant requested that the Trial Court give it two to three more weeks to supplement its discovery and produce an appraisal and expert report. The Trial Court graciously consented and denied Famcor's summary judgment motion without prejudice. Appellant never produced the promised supplementation, appraisal, or expert report, and Famcor filed its Second Motion for No-Evidence Summary Judgment on October 23, 2014. C.R. 16–23. The Trial Court granted Famcor's motion and Appellant filed this appeal in response. C.R. 147–148.

5

## SUMMARY OF THE ARGUMENT

Appellant challenges the Trial Court's granting Famcor's Second Motion for No-Evidence Summary Judgment on Appellant's breach of contract claim. In its brief filed with this Court, Appellant not only misstated the appropriate legal standard used in reviewing no-evidence summary judgments, but also wrongfully asserted the issue presented to this Court. Appellant stated, "[t]he issue is whether the evidence offered by Griggs established any evidence that Famcor caused any reduction in the value of the Property."

The Trial Court did not err in granting Famcor's Second Motion for No-Evidence Summary Judgment because Appellant failed to provide sufficient evidence of each element of its breach of contract claim. In its Motion, Famcor challenged each element of Appellant's breach of contract claim, thus Appellant was required produce evidence of each element challenged or else the summary judgment stands. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Since Appellant failed to bring forth sufficient evidence of each challenged element, the Trial Court did not err in granting Famcor's Second Motion for No-Evidence Summary Judgment.

If Appellant wanted to argue that Famcor's challenge to each element of the breach of contract claim was unclear, special exceptions were required. *See, e.g., Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) ("[a]n exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous."). Because Appellant did not file special exceptions, and the Trial Court granted summary judgment without specifying the grounds relied upon, summary judgment stands unless Appellant can produce evidence of each element. *See, e.g., Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). Appellant did not produce evidence of each element of its breach of contract claim. Accordingly, this Court should affirm the Trial Court's granting of Famcor's Second Motion for No-Evidence Summary Judgment.

## STANDARD OF REVIEW

In reviewing a no-evidence summary judgment, an appellate court must consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014). The nonmovant has the burden to

7

produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its cause of action. Tex. R. Civ. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206 (Tex. 2002). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## ARGUMENTS

### A. The Trial Court Should Not Have Considered Appellant's Affidavits as Summary Judgment Evidence.

In its response to Famcor's Second Motion for No-Evidence Summary Judgment, Appellant offered as summary judgment evidence the affidavits of Sharon Lewis and of Joseph Stanfield in an attempt to prove that it suffered damages. C.R. 83–87. In reply, Famcor objected to these affidavits on several grounds. C.R. 124–125. Famcor re-asserts its objections to Appellant's summary judgment affidavits again on appeal and is permitted to do so although the record does not evidence a ruling on

8

those objections at the Trial Court. *See Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.) (explaining that a defect in the substance of an affidavit is not waived by failure to obtain a ruling from the trial court). Texas courts treat objections to the substance and to the form of affidavits differently—objections to the form of an affidavit is waived unless a party obtains a ruling on that objection. *Id.* Conversely, an objection to the substance of a summary judgment affidavit "may be raised for the first time on appeal" and, if meritorious, "leave[s] the evidence legally insufficient." *Id.*

The Texas Supreme Court in *Wal-Mart Stores, Inc. v. Merrell*, stated, "[o]pinion testimony that is conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact 'more probable or less probable' [and] [s]uch conclusory statements cannot support a judgment even when no objection was made to the statements at trial." 313 S.W.3d 837, 839 (Tex. 2010). Additionally, conclusions in an affidavit are insufficient either to support summary judgment or to raise a fact issue in response to a summary judgment motion. *See Holloway v. Dekkers*, 380 S.W.3d 315, 323 (Tex. App.—Dallas 2012, no pet.) (citing *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984). The Texas Supreme Court in *Merrell* concluded that the trial court, while having

9

admitted the expert's evidence over Wal-Mart's objection, had properly granted summary judgment because "[s]uch conclusory statements cannot support a judgment even when no objection was made . . ." 313 S.W.3d at 840 (Tex. 2010).

Famcor re-asserts its objections to the affidavit of Sharon Lewis. Ms. Lewis' affidavit contains opinions which required scientific, technical, or other specialized knowledge and Ms. Lewis was never designated as expert, was never qualified as an expert, and may not offer expert opinions. Famcor objects as Ms. Lewis' affidavit contains legal conclusions. Famcor further objects as Ms. Lewis' affidavit is conclusory and speculative as matter of law because (1) it fails to provide sufficient underlying facts to support her conclusions[1]; (2) fails to specify factual matters such as the time, place, and exact nature of her allegations[2]; and (3) amounts to "nothing more than sworn repetitions of the allegations in [the] pleadings."[3] As a result, Famcor again asserts that Ms. Lewis' affidavit amounts to no

---

[1] *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 50 (Tex. App.—San Antonio 2005, no pet.); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.); *Choctaw Prop., LLC v. Aledo ISD*, 127 S.W.3d 235, 243 (Tex. App.—Waco 2003, no pet.); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

[2] *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

[3] *Selz v. Friendly Chevrolet, LTD.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.).

evidence as a matter of law.  Famcor respectfully asks this Court sustain these objections and strike Ms. Lewis' affidavit from Appellant's summary judgment evidence.

Famcor also re-asserts its objections to the affidavit of Joseph Stanfield.  Famcor objects as Mr. Stanfield's affidavit, report, and expert opinions are mandatorily excluded pursuant to Rule 193.6 of the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 193.6.  This affidavit and report were produced responsive to discovery that had been pending for more than four years, approximately ten days prior to trial.  Famcor objects as Mr. Stanfield's affidavit uses an improper measure of damages.  Appellant admitted in its pleadings that the proper measure of damages in this matter would be the reduction in "fair market value" of the estate.  C.R. 4.  Mr. Stanfield's affidavit contains several allegations of "diminished value," but contains no representations of reduction in "fair market value" of the estate. Famcor further objects as Mr. Stanfield's affidavit is conclusory and speculative as a matter of law and does not raise any fact issues.  As a result, Famcor again asserts that Mr. Stanfield's affidavit amounts to no evidence as a matter of law.  Famcor respectfully asks this Court sustain these objections and strike Mr. Stanfield's affidavit from Appellant's summary judgment evidence.

**B.** **The Trial Court Did Not Err in Granting Famcor's Second Motion for No-Evidence Summary Judgment.**

Famcor challenged each element of Appellant's breach of contract claim in its Second Motion for No-Evidence Summary Judgment. As previously stated, Appellant must produce evidence of each challenged element or summary judgment will stand. Therefore, to defeat the Trial Court's granting of summary judgment, Appellant must prove the following essential elements:

(1)  There is a valid, enforceable contract;

(2)  Appellant is a proper party to sue for breach of contract;

(3)  Appellant performed or tendered performance;

(4)  Famcor breached the contract; and

(5)  Appellant suffered damages as a result of Famcor's breach.

*See B&W Sup. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Mandell v. Hamman Oil & Ref. Co.*, 822 S.W.2d 153, 161 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Appellant did not produce, and the record before this Court does not contain, any evidence for each challenged element sufficient to survive appeal of the Trial Court's granting of Famcor's Second Motion for No-Evidence Summary Judgment.

1. *Appellant Failed to Produce Sufficient Evidence of a Valid, Enforceable Contract and that Appellant is a Proper Party to Sue for Breach of Contract.*

Appellant did not produce, and the record before this Court doesn't contain, sufficient evidence that the contract made basis of this suit, the SUA, is valid and enforceable and that Appellant is a proper party to sue for breach of contract. First, Appellant has not sufficiently shown that the SUA applies to the property in question. The SUA states, in paragraph A on page 1, that the tracts covered by the deed are in Exhibits A and B of the SUA. C.R. 37. Only the Preamble of said Exhibit A was produced in response to summary judgment (or ever), and does not show the properties covered. Exhibit B of the SUA was not produced at all.

The only possible argument Appellant could have made for application of the SUA to the property in question is the affidavit testimony of Sharon Lewis. Ms. Lewis, the president and sole shareholder of 5500 Griggs, Inc., states in her affidavit that the SUA applies. C.R. 83–87. Ms. Lewis' affidavit is clearly speculative and conclusory and does not cite any foundation for which she bases her conclusions (she did, however, cite to a copy of the SUA attached, which was also missing the exhibits described above). *See, e.g., Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 839 (Tex. 2010). With regard to Ms. Lewis' affidavit, the court is barred by rules

of law or of evidence from giving weight to the only evidence offered to prove a vital fact. As such, Ms. Lewis' affidavit is not relevant evidence that Appellant can rely upon to support its claim. Without further evidence that the SUA actually does apply to the property in question, Appellant failed to provide sufficient proof that the contract was valid and enforceable.

Secondly, Appellant did not sufficiently show that the SUA applies to Famcor, even if it applies to the property in question. The obligations in question under the SUA apply to a category identified as the "Mineral Owner." C.R. 37. The term "Mineral Owner" is contractually defined in the introductory paragraph of the SUA as a company called Pure Resources, L.P., its successors, lessees, assigns, and Affiliates. C.R. 37. Appellant did not produce any evidence that Famcor fits that description or would otherwise be bound by the contract. There is no evidence before this Court showing that SUA even applies to Famcor because Appellant has yet to show that Famcor fits the definition of "Mineral Owner" under the contract. There is a complete absence of evidence of this vital fact, another reason why Appellant did not prove that the contract was valid and enforceable.

Lastly, Appellant failed to sufficiently show that it owned the property continuously during the time in question. More specifically, Appellant did not produce sufficient evidence that 5500 Griggs, Inc. owned the property

14

at the time of the alleged damages and notice. The only evidence Appellant has produced is the affidavit of Sharon Lewis, which only states that Appellant purchased the property in or around 2003, not that it has owned it continuously since that time. Ms. Lewis' affidavit, as stated above, is not evidence as a matter of law, and does not sufficiently prove that Appellant has owned the property in question continuously since it was purchased in 2003. Appellant cannot rely on Ms. Lewis' affidavit as any evidence of the continuity of ownership of the property in question. Without any evidence proving that Appellant owned the property continuously during the time in question, Appellant failed to prove that it is a proper party to sue for breach of contract.

In sum, Appellant did not sufficiently show that the SUA applies to the property in question, that the SUA applies to the Famcor, or that Appellant has continuously owned the property during the time in question. Accordingly, Famcor's summary judgment should be sustained due to Appellant's failure to provide sufficient evidence of the first and second challenged elements of its breach of contract claim.

### 2. Appellant Failed to Produce Sufficient Evidence that it Performed or Tendered Performance Under the Contract

Appellant failed to produce sufficient evidence that it performed or tendered performance under the contract. Appellant has yet to address

this element directly. The best Appellant could have argued with regard to this element of its breach of contract claim was that it provided notice of the alleged damages. It may be noteworthy, as Appellant completely avoided addressing this in its brief, that Appellant's notice of the alleged damages demanded $500,000 for a dry well and no pipeline and $3,000,000 for one successful producing well. C.R. 62. Appellant now admits that the alleged damages were actually $33,100. Regardless of the amount of the alleged damages, Appellant failed to explain—and certainly did not establish—how providing Famcor with notice of alleged damages is the performance or tender of performance required by the contract. Without any explanation of the conduct required to satisfy this element or any evidence showing that this element has been satisfied, Appellant did not raise a fact issue of this challenged element in order to defeat the granting of Famcor's summary judgment.

3. *Appellant Failed to Produce Sufficient Evidence that Famcor Breached the Contract*

Appellant failed to produce sufficient evidence that Famcor breached the contract. Again, Appellant has not addressed this element directly, and the only argument Appellant could have made (although it did not argue this, or anything, at all) was that it sent notice of damages to Famcor. Appellant did not describe what a breach of the SUA would look like, but

only suggests that simply not paying damages is a breach. Appellant had the burden of proof at the Trial Court to provide evidence of its breach of contract claim, which required sufficient proof that Famcor did in fact breach the contract. The notice sent to Famcor is far less than a mere scintilla of evidence offered to prove a vital fact of breach of contract as it only shows the alleged damages.

Most importantly, Appellant offered no evidence whatsoever that Famcor did not pay the amounts allegedly owed. Appellant bore the burden of showing that Famcor did not actually compensate Appellant for the damages Appellant claimed in its notice. Appellant provided no such evidence. Because Appellant did not describe what actually constitutes a breach of the SUA, and because there is no evidence that Famcor did not pay the amounts allegedly owed, there is a complete absence of evidence of the vital fact that Famcor breached the contract. Appellant failed to produce sufficient evidence of this challenged element of its breach of contract claim, so Famcor's summary judgment should be upheld.

4.    *Appellant Failed to Produce Sufficient Evidence that it Suffered Damages as a Result of Famcor's Breach*

Appellant failed to produce sufficient evidence that it suffered damages as a result of Famcor's alleged breach of contract. In an attempt to prove that it suffered damages, Appellant relied upon the affidavits of

17

Sharon Lewis and of Joseph Stanfield. Ms. Lewis plainly asserted that Appellant suffered a total loss of twenty to thirty acres valued at $7,500 per acre, diminished value of the remaining acreage at least by $2,000 per acre, environmental and reparation clean up costs, and general clean up costs. Ms. Lewis cited no authority for her guesses. Mr. Stanfield stated that Appellant has suffered total losses of value for nine acres, diminished value for an additional sixteen acres, resulting in a total of $33,100. Mr. Stanfield failed to use the proper measure of damages and failed to make any reference to the use of the lands he appraised.

For the reasons stated above and throughout this brief, these affidavits are deemed no evidence as a matter of law as they are conclusory and speculative. In order for this Court to consider the affidavits as evidence that Appellant suffered damages, the testimony must be uncontroverted, clear, positive, direct, credible, free from contradictions and inconsistencies, and readily controvertible. TEX. R. CIV. P. 166a(c). Because the affidavits do not provide underlying facts to support each affiant's conclusions, and because they are nothing more than sworn repetitions of the allegations in the pleadings, the affidavits are insufficient to defeat no-evidence summary judgment.

However, should this court overrule Famcor's objections to Appellant's summary judgment evidence, Appellant did not produce anything further that creates fact issues regarding the other elements Appellant was required to prove. Even if the affidavits produced by Appellant created a fact issue as to whether Appellant suffered damages, those affidavits do not create fact issues as to the other elements of Appellant's breach of contract claim. Appellant did not produce, and the record before this Court does not contain, sufficient evidence that there is a valid enforceable contract; that Appellant is a proper party to sue for breach of contract; that Appellant performed or tendered performance; and that Famcor breached the contract. For these reasons, this Court should uphold Famcor's No-Evidence Summary Judgment.

## CONCLUSION AND PRAYER

For the reasons stated above, Famcor respectfully requests that this Court affirm the Trial Court's November 21, 2014 Order granting its Second Motion for No-Evidence Summary Judgment and enter an opinion regarding the same. Famcor also requests that this Court grant it all other and further relief, general or special, at law and in equity, to which that it may be justly entitled.

Respectfully submitted,

**HOLM BAMBACE LLP**


By: */s/ Peter J. Bambace*

      Peter J. Bambace
      State Bar No. 01660900
      *peter@holmbambace.com*
      Kayla J. Chudej
      State Bar No. 24094589
      *kchudej@holmbambace.com*
      Holm Bambace LLP
      1010 Lamar Street, Suite 1100
      Houston, Texas 77002
      (713) 652-9700 – Telephone
      (713) 652-9702 – Facsimile

**ATTORNEYS FOR APPELLEE,
FAMCOR OIL, INC.**

## CERTIFICATE OF SERVICE

This will certify that pursuant to Texas Rule of Appellate Procedure 9.5, a true and correct copy of the above and foregoing Famcor Oil, Inc.'s Appellee's Brief was forwarded to the following counsel-of-record *via* e-file, e-mail, and facsimile on this the 23rd day of September, 2015.

Jerry L. Schutza
State Bar No. 17853800
11 Greenway Plaza, Suite 2820
Houston, Texas 77046
(713) 961-1200 – Telephone
(713) 961-0941 – Facsimile

**Counsel for Appellant,**
**5500 Griggs, Inc.**

*/s/ Peter J. Bambace*
Peter J. Bambace

## CERTIFICATE OF COMPLIANCE

This will certify that pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the foregoing Famcor Oil, Inc.'s Appellee's Brief complies with Texas Rule of Appellate Procedure 9.4(i)(2)(B)'s word-count limitation for computer-generate documents. Specifically, the undersigned certifies that Famcor Oil, Inc.'s Appellee's Brief contains 3,557 words.

*/s/ Peter J. Bambace*
Peter J. Bambace