Tom F. STONE, Appellant,

v.

MIDLAND MULTIFAMILY EQUITY REIT, Appellee.

No. 05–09–00856–CV.

Court of Appeals of Texas, Dallas.

Feb. 17, 2011.

Tom F. Stone, Dallas, TX, pro se.

Patrick D. Keating, Jeremy D. Kernodle, Haynes and Boone, LLP, Dallas, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Pro se appellant Tom F. Stone (Stone) appeals the trial court's final summary judgment in favor of appellee Midland Multifamily Equity REIT (Midland). In three issues, Stone contends the trial court erred in granting Midland's motion for summary judgment, the trial court abused its discretion by overruling Stone's objections to the sufficiency of Midland's sum-

mary judgment evidence, and Stone raised a material issue of fact precluding summary judgment. We reverse the trial court's judgment in part as to Stone and remand the cause to the trial court for further proceedings consistent with this opinion.

## Background

Midland filed suit against Stone Rockwall, Rockwall Commons, and Stone. Midland alleges it entered into an Amended and Restated Limited Partnership Agreement of Rockwall Commons Associates, Ltd. (Partnership Agreement) with Stone Rockwall Properties, LLC (Stone Rockwall), whereby Midland was admitted as a limited partner and Stone Rockwall was admitted as the general partner of Rockwall Commons Associates, Ltd. (Rockwall Commons). Midland alleges that in a related transaction, Stone Rockwall and Stone executed an Unconditional Guaranty and Indemnification Agreement (Guaranty). According to Midland, pursuant to the Guaranty, Stone Rockwall and Stone unconditionally guaranteed the payment, performance, and satisfaction of Stone Rockwall's obligations to Midland provided for in the Partnership Agreement.

Midland sued Stone Rockwall and Rockwall Commons for breach of the Partnership Agreement, including allegations that Stone Rockwall and Rockwall Commons failed to make "Preferred Return" payments to Midland under the Partnership Agreement. Midland sued Stone Rockwall and Stone for breach of the Guaranty, alleging they failed to pay Midland the "Preferred Return" provided for in the Partnership Agreement as they had guaranteed.

Midland moved for summary judgment under rule of civil procedure 166a(c). The trial court granted Midland summary judgment on its claims against Stone Rockwall, Rockwall Commons, and Stone. In its final judgment, the trial court ordered that Midland recover: $937,257 jointly and severally from Stone and Stone Rockwall; $329,027 jointly and severally from Stone, Stone Rockwall, and Rockwall Commons; $1,272,900 in liquidated damages from Stone Rockwall; $3,815,000 from Rockwall Commons; and, post-judgment interest on the amounts awarded in the judgment jointly and severally from Stone, Stone Rockwall, and Rockwall Commons. Stone appealed the judgment against him individually.[1]

## Standard of Review

The standard of review for a "traditional" summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). We review the grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). A summary judgment under rule 166a(c) is properly granted when the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). In reviewing a grant of summary judgment, we take as true evidence favorable to the nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor. *Centeq Realty, Inc. v. Siegler,* 899

---

1. In his brief, Stone identifies appellants as Stone Rockwall, Rockwall Commons, and Stone. Stone Rockwall did not appeal the judgment against it. Further, Stone's amended notice of appeal deleted Rockwall Commons from the appeal, and Stone acknowledged at submission that he does not represent Rockwall Commons. Accordingly, we do not consider any arguments Stone makes on appeal as to the judgment against Stone Rockwall or Rockwall Commons.

S.W.2d 195, 197 (Tex.1995). The movant bears the burden on appeal of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548.

### Discussion

We first address Stone's second issue, because it impacts our determination of Stone's other issues. In his second issue, Stone asserts the trial court erred in overruling his objections to the sufficiency of Midland's summary judgment evidence.

In support of its motion for summary judgment, Midland relied upon two affidavits: (1) the affidavit of Gary C. Beck, with attached copies of the Partnership Agreement, the Guaranty, and a chart purportedly detailing the calculation of "various damages incurred by Midland," and (2) the affidavit of Jennifer Butler Wells, with an attached copy of the requests for admissions that Midland asserted it served on Stone Rockwall, Rockwall Commons, and Stone through their attorney at the time.

In response to Midland's motion for summary judgment, Stone objected to Midland's summary judgment evidence as legally insufficient. Stone objected to Beck's affidavit because Beck failed to establish personal knowledge of the matters set forth in his affidavit. On appeal, Stone contends that in his response to Midland's motion for summary judgment he also objected to Beck's affidavit, at least in part, as constituting inadmissible hearsay. Midland contends Stone failed to preserve error as to his objections to Midland's summary judgment proof because Stone did not obtain rulings from the trial court on his objections to Beck's affidavit.

For purposes of preservation of error, an appellate court treats a party's objections to defects in the "form" and the "substance" of an affidavit differently. A defect in the substance of an affidavit is not waived by failure to obtain a ruling from the trial court on the objection and may be raised for the first time on appeal. *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Substantive defects are those that leave the evidence legally insufficient. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex.2010) (plurality op.) (affidavit not based on personal knowledge is legally insufficient); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex.2008) (per curiam) (affidavit showing no basis for personal knowledge is legally insufficient); *Mathis v. Bocell*, 982 S.W.2d 52, 60 (Tex. App.-Houston [1st Dist.] 1998, no pet.) (substantive defects are never waived because the evidence is incompetent). A defect in the form of an affidavit, however, must be objected to in the trial court and the opposing party must have the opportunity to amend the affidavit. *See* TEX.R. CIV. P. 166a(f). The failure to obtain a ruling from the trial court on an objection to the form of an affidavit waives the objection. *McMahan*, 108 S.W.3d at 498.

As to Midland's contention that Stone failed to preserve error regarding any hearsay objection, we agree. An objection that an affidavit contains hearsay is an objection to the form of the affidavit. *Green v. Indus. Specialty Contractors*, 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Contrary to Stone's contention on appeal that the trial court overruled his objections to Midland's summary judgment evidence, the trial court granted Midland summary judgment without addressing Stone's objections. The record contains no rulings on any hearsay objections. Consequently, Stone failed to preserve any hearsay complaint for appellate review. *See* TEX.R.APP. P. 33.1(a)(2).

Stone also objected to the affidavit of Beck, both in the trial court and on appeal, on the ground that Beck failed to establish the basis for his personal knowledge of the matters asserted in the affidavit. Stone objects to Beck's affidavit because Beck, a stranger to the transactions at issue, failed to establish the basis for his attested personal knowledge regarding the transactions or the claimed defaults under the Partnership Agreement and the Guaranty. *See Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex.App.-Houston [14th Dist.] 2010, no pet.) (mere recitation that affidavit is based on personal knowledge is inadequate if affidavit does not positively show basis for the knowledge). Stone's objection goes to the substance, not the form, of Beck's affidavit. *See City of Wilmer v. Laidlaw Waste Sys. (Dallas), Inc.*, 890 S.W.2d 459, 467 (Tex. App.-Dallas 1994) (failure of an affidavit to demonstrate how the affiant had personal knowledge of the facts asserted is defect in substance, not form, and need not be objected to at trial to be ground for reversal), *aff'd*, 904 S.W.2d 656 (Tex.1995); *Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 226 (Tex. App.-El Paso 2002, no pet.) (lack of personal knowledge reflected in affiant's testimony itself, and not just as the lack of a formal recitation of personal knowledge, is a defect of substance that may be raised for first time on appeal).

▪ In his affidavit, Beck attested that he is "competent to testify, based upon personal knowledge, to the facts" set forth in his affidavit. He testified:

I am a Senior Vice President and Managing Director of Seminole Advisory Services, LLC, which is the Exclusive Advisor to MMA Multifamily Equity REIT, formerly known as Midland Multifamily Equity REIT ("Midland").

Beck then attested to facts regarding (1) execution of the Partnership Agreement and the Guaranty, (2) obligations under those documents, (3) performance of obligations under those documents by Midland, (4) alleged defaults under those documents by Stone Rockwall, Rockwall Commons, and Stone, and (5) amounts allegedly owed Midland by Stone and Stone Rockwall for unpaid "Preferred Returns" and interest on unpaid "Preferred Returns," liquidated damages allegedly owed Stone Rockwall to Midland, and a capital contribution Rockwall Commons is allegedly obligated to repay Midland.

▪ An affidavit must disclose the basis on which the affiant has personal knowledge of the facts asserted. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex.1988). An affiant's position or job responsibilities can qualify the affiant to have personal knowledge of facts and establish how the affiant learned of the facts. *Valenzuela*, 317 S.W.3d at 553 (affidavits demonstrating personal knowledge often state affiant's knowledge through affiant's position and specifically described job duties); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 698 (Tex. App.-Dallas 2008, no pet.) (affiant's testimony that, as Scout Executive and CEO of defendant organization, he had knowledge concerning its operation and organization was sufficient to demonstrate manner in which he became familiar with facts at issue); *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 176 (Tex.App.-Dallas 2000, pet. denied) (affidavit made clear that, as general manager of the club, affiant was knowledgeable of club's policies and by-laws).

We disagree with Midland's argument that Beck "described his relationship with the case so that it may be reasonably assumed that he has personal knowledge of the facts" to which he attests. Beck's affidavit does not describe what activities or responsibilities were encompassed with-

in Seminole Advisory Services' designation as the "Exclusive Advisor" to MMA Multifamily Equity REIT (MMA).[2] Nor does Beck's testimony explain how his employment at Seminole Advisory Services afforded him personal knowledge of the facts to which he attested. *See Landmark Org., L.P. v. Tremco Inc.*, No. 03–07–00673–CV, 2010 WL 2629863, at *11 (Tex. App.-Austin June 30, 2010, no pet.) (mem. op.) (affiant did not explain how she acquired personal knowledge concerning facts to which she attested, or elaborate as to how she would have acquired knowledge through her role as current secretary of general partner of plaintiff company); *Lawrence Marshall Dealerships v. Meltzer*, No. 14–07–00920–CV, 2009 WL 136908, at *4 (Tex.App.-Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem.op.) (affidavit failed to establish personal knowledge where affiant stated his job title but did not identify his responsibilities or other basis for personal knowledge he asserted). Beck's affidavit fails to explain how his job duties and responsibilities during the relevant time period afforded him knowledge about the execution of the Partnership Agreement and the Guaranty, obligations under those documents, performance of obligations, or defaults under those documents. Further, his affidavit fails to substantiate availability of Midland's business and account records to support his attestation of personal knowledge regarding calculations of amounts owed under the documents. *See Valenzuela*, 317 S.W.3d at 554 (summary judgment affidavit of claims manager for movant was incompetent to prove facts about which she testified, where affidavit did not state whether she was claims manager during relevant time period, how her job duties as claims manager afforded her knowledge

about claim at issue or how she was familiar with particular claim); *cf. Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 510–11 (Tex.App.-El Paso 2010, no pet. h.) (personal knowledge requirement for summary judgment affidavit satisfied where affiant's testimony that she was Director of Asset Management and Servicing for affiliate of appellee and records custodian for the affiliate of appellee and appellee established her relationship with facts of case in manner sufficient to demonstrate facts at issue and to establish personal knowledge of underlying transactions between the parties); *Damron v. Citibank (S.D.) N.A.*, No. 03–09–00438–CV, 2010 WL 3377777, at *4 (Tex.App.-Austin Aug. 25, 2010, pet. denied) (mem.op.) (affiant's testimony adequately demonstrated basis for personal knowledge of facts where affiant testified that in her role as litigation analyst, she was required to have knowledge regarding bank's policies and procedures and acquired personal knowledge regarding how bank made and kept account records); *Sprayberry v. Siesta MHC Income Partners, L.P.*, No. 03–08–00649–CV, 2010 WL 1404598, at *6 (Tex.App.-Austin Apr. 8, 2010, no pet.) (mem.op.) (affiant demonstrated personal knowledge of facts in summary judgment affidavit where he attested that as agent for movant, he entered into contract at issue and was aware of contract's existence and terms, and had knowledge of facts through status as president of movant's general partner); *Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex.App.-San Antonio 1998, pet. denied) (personal knowledge requirement satisfied if affidavit sufficiently describes relationship between affiant and case so that it may be reasonably assumed affiant has personal knowledge of facts stated in affidavit; affi-

---

2. According to Beck, MMA Multifamily Equity REIT was formerly known as Midland Multifamily Equity REIT, the summary judgment movant.

ant's recitals identifying himself as party to the suit, owner and landlord of the property subject to lease at issue, party to settlement agreement at issue, and holder of promissory note at issue resolved any question regarding how he obtained knowledge of the matters contained in affidavit); *Jackson T. Fulgham Co. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 129–30 (Tex.App.-Dallas 1983, writ ref'd n.r.e.) (affidavit of vice-president and agent of party moving for summary judgment showed how affiant learned or knew of the facts).

■ A summary judgment "affidavit's failure to demonstrate a basis for personal knowledge renders it incompetent summary judgment evidence." *Campbell v. Campbell*, No. 03–07–00672–CV, 2010 WL 2477782, at *4 n. 6 (Tex.App.-Austin June 18, 2010, no pet.) (mem.op.) (quoting *Sprayberry*, 2010 WL 1404598, at *3). We conclude that Beck's affidavit lacks underlying information to show Beck has personal knowledge of the facts stated in his affidavit, and his statements, therefore, amount to no evidence.

We overrule Stone's second issue in part with regard to any hearsay objections to Midland's summary judgment evidence. We sustain Stone's second issue in part with regard to his objection that Beck's affidavit is legally insufficient to support Midland's summary judgment.

In his first and third issues, Stone contends the trial court erred in granting Midland summary judgment on Midland's claim of breach of the Guaranty because there are genuine issues of material fact. Having concluded that Beck's affidavit is legally insufficient to support the factual allegations against Stone in Midland's summary judgment motion, the summary judgment was improper unless some other competent summary judgment evidence conclusively supported Midland's allegations or at least supplied the missing basis

for Beck's claim of personal knowledge. *See Campbell*, 2010 WL 2477782, at *5. Therefore, we turn to the second affidavit Midland submitted in support of its motion for summary judgment.

■ In its motion for summary judgment, Midland relied upon the affidavit of its attorney, Wells, regarding purportedly deemed admissions. Wells attested that the requests for admissions attached to her affidavit were served on the attorney then representing Stone Rockwall, Rockwall Commons, and Stone. In response to Midland's motion for summary judgment, Stone Rockwall, Rockwall Commons, and Stone submitted the affidavit of the attorney upon whom Midland's requests for admissions allegedly were served, attesting that he had not received the requests for admissions. *See* Tex.R. Civ. P. 198.2(a) (party must answer request for admission within certain period of time after service of the request); *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000, no pet.) (before one has obligation to answer admissions, or before inaction can give rise to deemed admissions, it is axiomatic that requests for admissions be served).

At the hearing on Midland's motion for summary judgment, Midland acknowledged that the affidavit testimony of the attorney who previously represented Stone Rockwall, Rockwall Commons, and Stone contested Midland's service of the requests for admissions. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (we take as true all evidence favorable to nonmovant). Thus, Midland apprised the trial court that Midland was not arguing the deemed admissions supported its motion for summary judgment, and the trial court announced it would not consider the admissions. Midland did not object to the trial court's ruling that it would not

consider the affidavit of Wells and the attached requests for admissions.

Despite Midland's representation to the trial court at the hearing of its motion for summary judgment that it was not asserting the deemed admissions supported its motion, Midland contends on appeal that the deemed admissions provide an independent basis for affirming summary judgment against Stone for breach of the Guaranty. We disagree.

Midland has not challenged the trial court's failure to consider Stone's purportedly deemed admissions, and the admissions excluded by the trial court are not part of the summary judgment evidence to be considered on appeal. *See Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 190 (Tex.App.-Houston [14th Dist.] 2010, pet. denied) (where evidence excluded by written order or ruling of trial court is not part of summary judgment evidence to be considered, appellate court cannot consider the excluded evidence); *Feagins v. Tyler Lincoln–Mercury, Inc.*, 277 S.W.3d 450, 455 (Tex.App.-Texarkana 2009, no pet.).[3]

As the movant in a "traditional" summary judgment motion against Stone for breach of the Guaranty, Midland must establish that no material fact issues exist on that breach-of-contract claim and must conclusively prove all elements of that claim as a matter of law. *See* Tex.R. Civ. P. 166a(c); *see also Sprayberry*, 2010 WL

1404598, at *2. Thus, to obtain summary judgment on the Guaranty, Midland was required to present competent summary judgment proof that conclusively established: (1) the existence and ownership of the Guaranty; (2) the performance of the terms of the contract by Midland; (3) the occurrence of the condition on which liability is based, and (4) Stone's failure or refusal to perform the promise. *See Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 80 (Tex.App.-Texarkana 2008, pet. denied) (citing *Barclay v. Waxahachie Bank & Trust Co.*, 568 S.W.2d 721, 723 (Tex.Civ. App.-Waco 1978, no writ) (setting out elements of cause of action for breach of guaranty)).

Having concluded Beck's affidavit was legally insufficient and Wells's affidavit with the attached requests for admissions is not part of summary judgment evidence to be considered by this Court on appeal, we conclude Midland failed to present competent summary judgment proof that conclusively established each of the elements of its claim against Stone for breach of the Guaranty. Therefore, we conclude the trial court erred in granting summary judgment against Stone. *See* Tex.R. Civ. P. 166a(c). We sustain Stone's first and third issues.

### Conclusion

We reverse the trial court's judgment in part as to Stone, and we remand this cause

---

**3.** Had the purportedly deemed admissions been considered by the trial court, we further note our disagreement with Midland's contention that the admissions provide an independent basis for affirming the summary judgment against Stone. Midland asserted in its motion for summary judgment that there were deemed admissions that Rockwall Commons had not paid Midland the "Preferred Return" under the Partnership Agreement since September 6, 2006, that neither Stone Rockwall nor Rockwall Commons had paid Midland the required interest on delinquent "Preferred Returns" under the Partnership

Agreement since September 6, 2006, and that neither Stone nor Stone Rockwall had paid Midland the required "Preferred Return" under the Guaranty. However, there are no admissions setting out the amount or amounts for breach of the Guaranty for which Stone allegedly is indebted to Midland. The admissions could provide no summary judgment evidence to support the damage recoveries against Stone in the final judgment. Without the affidavit of Beck as summary judgment evidence, the purportedly deemed admissions would not support the summary judgment against Stone.