# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00295-CV

**Gerald Kostecka, Appellant**

**v.**

**Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 12-1117-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Gerald Kostecka, appeals from a no-evidence summary judgment that he take nothing in a premises-liability case. Appellee is Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ. This Court will reverse the judgment.

Kostecka pleaded that on October 12, 2010, he and his wife went to Smokey Mo's BBQ for dinner. During the meal, as he reached across the table for the salt, his chair "shot out" from under him causing him to fall to the floor hurting himself, particularly his left leg and knee. Kostecka claimed, among other things, that the floor of the restaurant was coated with a material that created an unsafe surface.

The elements of Kostecka's premises-liability claim are that (1) he was an invitee; (2) Smokey Mo's BBQ was the possessor of the premises; (3) a condition on the premises posed an unreasonable risk of harm to Kostecka; (4) Smokey Mo's BBQ had actual or constructive knowledge

of that condition; (5) Smokey Mo's BBQ did not exercise reasonable care to reduce or to eliminate the risk; and (6) Smokey Mo's BBQ's failure to exercise such care proximately caused Kostecka's injuries. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) (listing elements of claim).

By its motion for summary judgment, Smokey Mo's BBQ did not contest Kostecka's status as an invitee, nor its possession of the restaurant premises. It contended, however, that all of the other elements of Kostecka's premises-liability case were not supported by evidence.

Kostecka filed the following affidavit in support of his response to the motion for summary judgment:

> With respect to the incident which is the basis of this case, on October 12, 2010 my wife and I went to Defendant Smokey Mo's BBQ for dinner. During the course of the meal, I reached for the salt shaker on the table. When I did the chair shot out from under me and I fell to the floor jamming my left knee. A Smokey Mo employee named Aaron told me right after the fall that Defendant knew that the nature of the bottom of the chair legs and the paint used on the floor created a dangerous situation for its customers in terms of a chair moving out from under customers like this particular chair did in my case. After that, I spoke with Matthew at Defendant Smokey Mo's BBQ and he said that he had been sold the wrong paint for the restaurant floor and that the kitchen was so dangerous that they had to sand texture the floor and that this was destroying the mops. Despite this knowledge, Smokey Mo's did not warn me about this dangerous condition prior to my fall. Smokey Mo's failed to exercise ordinary care in allowing the situation with respect to the chairs and floor in its restaurant to continue in spite of its knowledge of the danger this situation posed to customers of Smokey Mo's. Smokey Mo['s] also failed to exercise reasonable care in warning me about this dangerous condition. As a result of the fall, I sustained substantial injuries to my body (in particular my left leg and knee) and felt severe pain and suffering. As a result of the fall, I also have experienced substantial physical impairment and mental anguish. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continues until this day.

2

Kostecka argues that by his affidavit he raised a genuine issue of material fact with respect to each contested element of his cause of action by adducing more than a scintilla of evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We agree.

In a no-evidence summary-judgment review, the Court views the evidence in the light most favorable to the non-movant, disregarding all contrary evidence. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). With this standard in mind, we turn to the summary-judgment evidence in this case. Kostecka's affidavit shows that on October 12, 2010, Kostecka and his wife went to Smokey Mo's BBQ's for dinner. During the course of the meal, as he reached across the table for the salt, his chair slipped backward on the slick floor, causing him to fall, injuring himself. The slick condition of the floor had existed for some time before October 12, 2010. Smokey Mo's BBQ's employees had tried, unsuccessfully, to remedy the slick condition of the floor. Although aware of the slick floor, Smokey Mo's BBQ did not warn Kostecka of its condition. Smokey Mo's BBQ's failure to exercise such care proximately caused Kostecka's injuries. As a result of the fall, Kostecka suffered pain and substantial physical impairment which continued up until the date of the affidavit.

In defense of the summary judgment, Smokey Mo's BBQ advances several arguments. First, Smokey Mo's BBQ asserts, mistakenly, that "Kostecka did not even put forth evidence to prove that Smokey Mo's BBQ was an owner or occupier of the property." Smokey Mo's BBQ forgets that in its summary-judgment motion it failed to contend that there was no evidence showing its possession of the restaurant premises. In any event, Kostecka's affidavit provided that ". . . . on October 12, 2010 my wife and I went to Defendant Smokey Mo's BBQ for dinner." Next,

3

Smokey Mo's BBQ claims that Kostecka's "self-serving" affidavit is conclusory in nature. Perhaps some parts of the affidavit could have been more specific. But viewed in the light most favorable to Kostecka, the non-movant, this Court is satisfied that his affidavit raises more than a scintilla of evidence of each element of his case.

Relying on *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996), Smokey Mo's BBQ asserts that Kostecka was required to prove that it had "actual knowledge" that an unreasonable risk existed. The issue in *Williams* concerned the proper jury instruction in a premises-liability case where the plaintiff was a *licensee*, not an *invitee*, as here. In any event, Kostecka's affidavit raised evidence both that Smokey Mo's BBQ actually knew, and should have known, of the slick floor.

Smokey Mo's BBQ claims also that the statements of its employees concerning the restaurant floor were non-probative hearsay. To preserve error as to the form of summary-judgment affidavits, a party must point out the defect by objection in the trial court. Tex. R. Civ. P. 166(a)(f). Hearsay in an affidavit is a defect in form. *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.) (citing *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). Because Smokey Mo's BBQ never objected to the claimed hearsay statements in the affidavit, its complaint is waived. *See* Tex. R. Civ. P. 166a(f); *McMahan*, 108 S.W.3d at 498; *Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 822 (Tex. App.—Houston [1st Dist.] 1994, no writ). In any case, the statements were not hearsay as they were made by "employee[s] on a matter within the scope of that relationship and while it existed." Tex. R. Evid. 801(e)(2)(D). Finally, Smokey Mo's BBQ argues that there was no evidence of damages. Smokey Mo's BBQ faults Kostecka's "self-serving" affidavit testimony—that

4

as a result of his fall he felt severe pain and that he has experienced substantial physical impairment and mental anguish thereafter—as "no proof of the injuries or damages, he claims to have sustained." Smokey Mo's BBQ also faults Kostecka's proof of damages as not being supported by medical reports. These complaints, however, address the credibility and weight of the evidence, issues not involved in a summary-judgment proceeding. *See* Tex. R. Civ. P. 166a.

The judgment is reversed, and the cause is remanded to the district court.

_____
Bob E. Shannon, Justice

Before Chief Justice Rose, Justices Field and Shannon*

Reversed and Remanded

Filed: October 7, 2016

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).