**AFFIRMED and Opinion Filed October 11, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-01116-CV**
_____

**SQUARE 9 SOFTWORKS INC., Appellant**

**V.**

**SIPS CONSULTS CORP., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-09337**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Square 9 Softworks Inc. brings this interlocutory appeal challenging the trial

court's order denying both its special appearance and its motion to compel

arbitration. We affirm the trial court's order.

SIPS Consults Corp. filed a third-party petition alleging claims against

Square 9 and others arising out of two contracts for software installation and training

services to be performed by Square 9. In response, Square 9 filed an unverified

special appearance and motion to compel arbitration. As support for the special

appearance and motion to compel, Square 9 attached a sworn declaration signed by

Square 9's senior vice president, Michael Frattini, copies of Square 9's contracts

with SIPS, and an unsigned "Professional Services Management Agreement" containing an arbitration provision. SIPS filed objections to Frattini's declaration and the PSMA contending the declaration was irrelevant and conclusory and the PSMA was hearsay and lacked both authenticity and relevance. Square 9 later filed an unsworn declaration by Frattini in which he stated only that a man SIPS alleged to be an agent of Square 9 had "never been an employee or authorized agent" of Square 9.

Following a hearing, the trial court signed an order granting SIPS's evidentiary objections and struck Frattini's sworn declaration and the PSMA from the record. The court additionally denied Square 9's special appearance and its motion to compel arbitration. Square 9 then brought this appeal.

In its first issue, Square 9 contends the trial court erred in denying its special appearance because SIPS failed to plead sufficient jurisdictional facts and "Square 9 could, and did, meet its burden to negate all bases of jurisdiction by proving that it does not reside in Texas." It is well settled that, absent sufficient jurisdictional allegations, a defendant may defeat jurisdiction simply by proving it is not a Texas resident. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 634 (Tex. App.—Dallas 1993, writ denied) (without jurisdictional allegations by plaintiff, defendant can negate jurisdiction by presenting evidence it is non-resident). The defendant can meet this burden by filing an affidavit testifying to its non-residency. *See Touradji*

*v. Beach Capital P'ship, L.P.*, 316 S.W.3d 15, 25 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Kelly*, 301 S.W.3d at 659). In this case, however, even if we assume SIPS failed to plead sufficient jurisdictional facts, the only evidence submitted by Square 9 to prove it was not a Texas resident, and the only evidence it points to on appeal, is the sworn declaration signed by Frattini that was struck in its entirety from the record by the trial court.

Square 9 does not challenge the trial court's striking of the sworn declaration. Accordingly, we cannot consider the declaration as part of the evidence to be considered on appeal. *See Walker v. Schion*, 420 S.W.3d 454, 457-58 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (evidentiary ruling must be challenged even in *de novo* review); *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet.); *Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 190 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Neither does Square 9 provide any argument to show how it could have met its burden to prove non-residency without the evidence that was struck. Because Square 9 has failed to show how it met its burden of proof, we cannot conclude the trial court erred in denying Square 9's special appearance. We resolve Square 9's first issue against it.

Square 9's second issue is similarly burdened by a lack of evidence. Square 9 contends the trial court abused its discretion by denying its motion to compel arbitration. The arbitration provision Square 9 relies upon was contained in the unsigned PSMA submitted as an exhibit to its motion to compel. Square 9 argues

–3–

that SIPS agreed to the terms of the PSMA because the document was included as a hyperlink in the signed contracts between the parties. SIPS objected to the PSMA submitted as evidence by Square 9, contending there was no showing the document accurately reflected the terms of the PSMA on the dates SIPS and Square 9 entered into the software installation agreements. The PSMA was subsequently struck by the trial court and Square 9 does not challenge that ruling on appeal.

Because the trial court struck the PSMA, there is no evidence in the record that the contracts signed by SIPS incorporated an arbitration provision or the scope of any such provision. Because there is no evidence SIPS agreed to arbitrate its claims against Square 9, the trial court did not err in denying Square 9's motion to compel. *See In re Sthran*, 327 S.W.3d 839, 843 (Tex. App.—Dallas 2010, orig. proceeding) (party seeking to compel arbitration has initial burden to establish arbitration agreement's existence). We resolve Square 9's second issue against it.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

201116f.p05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SQUARE 9 SOFTWORKS INC.,
Appellant

No. 05-20-01116-CV      V.

SIPS CONSULTS CORP., Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-09337.
Opinion delivered by Justice
Reichek. Justices Osborne and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the December 9, 2020
order of the trial court denying the special appearance and motion to compel
arbitration of SQUARE 9 SOFTWORKS INC. is **AFFIRMED**.

It is **ORDERED** that appellee SIPS CONSULTS CORP. recover its costs of
this appeal from appellant SQUARE 9 SOFTWORKS INC.

Judgment entered October 11, 2021