

In The

Court of Appeals

Seventh District of Texas at Amarillo

———

No. 07-21-00089-CV

———

CITY OF HUTTO, TEXAS, DOUG GAUL, ROBIN SUTTON, DAN THORNTON,
MIKE SNYDER, PETER GORDON, PATTI MARTINEZ, TANNER ROSE,
AND WARREN HUTMACHER, APPELLANTS / CROSS-APPELLEES

V.

LEGACY HUTTO, LLC, APPELLEE / CROSS-APPELLANT

On Appeal from the 395th District Court
Williamson County, Texas[1]
Trial Court No. 20-0863-C395, Honorable Ryan D. Larson, Presiding

July 18, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The trial court granted the plea to the jurisdiction and Rule 91a motion to dismiss

filed by the City of Hutto, Doug Gaul, Robin Sutton, Dan Thornton, Mike Snyder, Peter

Gordon, Patti Martinez, Tanner Rose, and Warren Hutmacher (collectively, "the City"),

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

and, in the same order, granted Legacy Hutto, LLC's request for leave to amend its pleadings to include previously unpled causes of action. The City appeals from the trial court's order granting Legacy's request for leave to amend, and Legacy appeals from the order granting the plea to the jurisdiction and Rule 91a motion to dismiss. We affirm the trial court's order granting the City's plea to the jurisdiction and dismiss the City's appeal for want of jurisdiction.

## BACKGROUND

Legacy filed suit against the City in June of 2020 for breach of contract. The contract in question was a Master Development Agreement ("MDA") signed by Legacy's president, Dan Lowe, and the City's former city manager, Odis Jones, in September of 2019. The MDA provided for the creation of a mixed-use real estate development that would include commercial, residential, recreational, and other spaces. The project was known by the City as "Project Expansion." In its petition, Legacy alleged, among other things, that the City failed to work toward the successful issuance of bonds, failed to work in good faith toward the implementation of the project, and made misrepresentations. Legacy later added a claim for violations of the Prompt Payment Act and ultra vires claims against the city council and city manager. Legacy alleged that the City's governmental immunity from suit was waived under section 271.152 of the Texas Local Government Code, which provides a waiver for certain breach of contract claims. *See* TEX. LOC. GOV'T CODE ANN. § 271.152.

The City, a home-rule municipality, filed a plea to the jurisdiction and motion to dismiss under Rule 91a claiming immunity from suit based on the doctrine of

2

governmental immunity. The City asserted that Legacy's claims do not fall within the waiver provided by section 271.152 because the contract in question was not "properly executed" as required by the statute. The trial court granted the City's motion to dismiss and plea to the jurisdiction. It further ordered that Legacy could amend its petition to include requested but previously unpled causes of action.

The City of Hutto appealed, raising two issues. In its first issue, the City asserts that the trial court erred by granting Legacy's request for leave to amend its pleadings to include previously unpled causes of action because the trial court lacked jurisdiction to do so. The City contends that once the trial court correctly granted its motion to dismiss and plea to the jurisdiction, which fully and finally disposed of all of Legacy's claims, the trial court no longer had jurisdiction. The City argues in a second, alternative issue that if the trial court retained jurisdiction, its order granting Legacy's request for leave to amend its pleading to assert previously unpled causes of action was an abuse of discretion.

Legacy filed a cross-appeal, raising three issues. Legacy first argues that the trial court erred in granting the City's plea to the jurisdiction. In its second issue, Legacy claims the trial court erred in granting the City's Rule 91a motion to dismiss. By its third issue, Legacy claims that the trial court erred in refusing to rule on Legacy's objections and strike the City's evidence submitted in support of its plea to the jurisdiction.

## PLEA TO THE JURISDICTION

We first address Legacy's cross-appeal. Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The subject matter jurisdiction of a trial court may be

3

challenged by a party filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Because the existence of jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We start our review with the live pleadings. *Id.* The allegations found in the pleadings may either affirmatively demonstrate or negate the trial court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226; *see also Westbrook v. Penley*, 231 S.W.3d 389, 405 (Tex. 2007).

The party suing a governmental entity bears the burden of affirmatively demonstrating the trial court has jurisdiction to hear the dispute. *See Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). When Legacy sued the City, it relied on section 271.152 of the Texas Local Government Code as the basis upon which the City's governmental immunity was waived. *See W. Tex. Mun. Power Agency v. Republic Power Partners, L.P.*, 428 S.W.3d 299, 306 (Tex. App.—Amarillo 2014, no pet.) ("In the context of a breach-of-contract claim against a government entity, there is but one route to the courthouse and that route is through section 271.152."). Under section 271.152, "A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject

to the terms and conditions of this subchapter." TEX. LOCAL GOV'T CODE ANN. § 271.152. For section 271.152's waiver to apply, three elements must be established: (1) the party against whom waiver is asserted must be a "local governmental entity," (2) the entity must be authorized to enter into contracts, and (3) the entity must have in fact entered into a "contract subject to this subchapter." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). The first two requirements for waiver of immunity are not in dispute in this case, but the parties disagree as to whether they formed a contract subject to the subchapter.

A "contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOCAL GOV'T CODE ANN. § 271.151(2)(a); *Williams*, 353 S.W.3d at 135. A contract is "properly executed" under chapter 271 when the contract's execution comports with the authority the legislature granted the government entity. *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 532 (Tex. 2020). In *Amex*, the Supreme Court explained that establishing that a contract is "properly executed" requires more than showing that a representative of the governmental entity signed the contract. *Id.* In that case, a charter school district's president was authorized by the district's board of directors to negotiate a lease and did sign a lease; however, administrative rules require the approval of such contracts by the school district's board of directors or the delegation of authority through an amendment to the school's charter. *Id.* at 531–33. Amex, the lessor, "understood that the district's board had to approve the lease to finalize it" and requested that the district verify the board's approval with a resolution or minutes of a

5

board meeting. *Id.* at 525, 533–34. Because there was no evidence that the board approved the lease or delegated its authority via an amendment, the high court held that the lease sued on was not properly executed. *Id.* at 533.

Here, Legacy asserts that it entered into the written contract with the City on September 20, 2019. The City attached to its answer the written MDA, which was signed by the City's city manager, Odis Jones, on behalf of the City. When taken as true, Legacy has sufficiently alleged that the parties entered into the contract. But, following the reasoning of *Amex*, we must take the inquiry one step further and determine whether the contract was properly executed by Jones on behalf of the City. *See id.* at 534 ("Chapter 271 . . . conditions a waiver of immunity on a 'properly executed' contract, placing contract authorization as a jurisdictional consideration, in addition to a contract defense.").

At the outset, Legacy argues that the issue of proper execution should not be considered because the City did not file a verified denial. *See* TEX. R. CIV. P. 93(7) (defendant must make verified denial to contest "the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part"). Without a sworn plea, the instrument is received in evidence as fully proved. *Id.* Because the City did not contest the authenticity of Jones's signature in a verified denial, the contract was admissible as fully proved in that regard. *See Taylor v. Hill*, No. 03-03-00540-CV, 2004 Tex. App. LEXIS 5747, at *5–6 (Tex. App.—Austin July 1, 2004, no pet.) (mem. op.); *see also Kressenberg v. Nationstar HECM Acquisition Trust 2015-2*, No. 02-18-00261-CV, 2020 Tex. App. LEXIS 3013, at *11 (Tex. App.—Fort Worth Apr. 9, 2020, pet. denied) (mem. op.) (appellant's failure to file verified denial of execution freed appellee from having to prove execution of note).

6

But the City contends that, even if Jones had authority to execute the MDA on behalf of the City, the contract was nonetheless not properly executed because Legacy did not comply with section 2252.908 of the Texas Government Code. Section 2252.908 provides that governmental entities are not authorized to enter into contracts that have a value of at least one million dollars unless the contracting business entity first submits a disclosure of interested parties. *See* TEX. GOV'T CODE ANN. § 2252.908(d).

We look to the City's regulating documents and applicable law to determine whether the contract was properly executed. *See Amex*, 602 S.W.3d at 532 (noting charter schools "may enter into a contract only in the manner the legislature has authorized."). In *Amex*, the Supreme Court explained that it is "not enough" that a governmental entity's representative signs a contract. *Id.* Rather, "a party asserting a breach-of-contract claim against [the entity] must demonstrate that the contract's execution comports with the authority the legislature granted [the entity], . . . including the statutory and regulatory requirements placed on [the entity] entering (or seeking to enter) contractual relationships." *Id.* Thus, "a contract is *properly* executed when it is executed in accord with the statutes and regulations prescribing [its] authority." *Id.* (emphasis in the original). To be "proper," contract execution must be done "according to the rules." *Id.* Thus, not all executed contracts qualify for a statutory waiver. *See id.*

Section 2252.908 of the Texas Government Code is a governmental transparency law that prohibits a governmental entity, including a municipality, from entering into certain contracts with a business entity unless the business entity submits a disclosure of interested parties. TEX. GOV'T CODE ANN. § 2252.908(d). The statute requires that the contracting business entity submit the disclosure "at the time the business entity submits

7

the signed contract to the governmental entity . . . ." *Id.* Unless the governmental entity receives the disclosure, it "*may not* enter into" the contract. *Id.* (emphasis added). Because the City is statutorily prohibited from entering the contract in the absence of the disclosure form, the contract cannot be "properly executed" unless Legacy complied with section 2252.908 at its execution.

In an amended petition, Legacy pleaded that it "has submitted a disclosure of interested parties pursuant to § 2252.908," but it did not present evidence of a submission. Moreover, Legacy did not plead or present evidence that any such submission was made at the time it submitted the contract to the City, as required by the statute.

A defendant may challenge the plaintiff's factual allegations with supporting evidence. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the relevant evidence is undisputed, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. Here, the City proffered evidence, in the form of the city secretary's affidavit, that the City had no record of receiving from Legacy the disclosure required under section 2252.908 at the time the contract was submitted to the City. Legacy did not produce any evidence to controvert the City's evidence. Instead, Legacy argues that (1) section 2252.908 does not declare a contract void for failure to comply with the disclosure requirement, (2) the affidavit is conclusory, and (3) Legacy is not a "business entity" subject to section 2252.908's requirements. We do not find Legacy's arguments persuasive. First, we need not determine whether the failure to comply with section 2252.908 renders the MDA void; we need only determine whether the failure to comply means the MDA was not properly executed. Second, the affidavit is not conclusory. The city secretary attested that she was the custodian of records for the

8

City and that the City had no record of the required disclosure form from Legacy. Her affidavit is clear, positive, and direct: the City has no record of receiving a disclosure form from Legacy. Her statement is based on her personal knowledge as the custodian of records. *See Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 243 (Tex. App.—Waco 2003, no pet.) (custodian of records bears responsibility for being familiar with records; therefore, statement that he is custodian provides adequate factual support for his statements regarding nature of records); *Jones v. Citibank (South Dakota), N.A.*, 235 S.W.3d 333, 337 (Tex. App.—Fort Worth 2007, no pet.) (evidentiary foundation for knowledge of records was provided by statements that affiant was company officer, custodian of company's records, and duties involved having custody and control of relevant records). And, her affidavit is susceptible of being readily controverted. Legacy, which was responsible for making the submission to the City, could have produced evidence that it submitted the document to the City. Although the city secretary's affidavit could have been more detailed, it was not conclusory. Third, we reject Legacy's argument that, as a limited liability company, it is not responsible for submitting the disclosure. Section 2252.908(a)(1) defines "business entity" as "any entity recognized by law through which business is conducted, including a sole proprietorship, partnership, or corporation." TEX. GOV'T CODE ANN. § 2252.908(a)(1). Legacy argues that because it is not a sole proprietorship, partnership, or corporation, section 2252.908 does not apply to it. "As a straightforward definitional matter, *including* does not mean *only* or *limited to* . . . ." *Stonegate Fin. Corp. v. Broughton Maint. Ass'n*, No. 02-18-00091-CV, 2019 Tex. App. LEXIS 6553, at *13 (Tex. App.—Fort Worth July 30, 2019, no pet.) (mem. op.) (emphasis

9

in original).  The short list of business entities set forth in 2252.908(a)(1) is not exhaustive, but merely illustrative, and thus we read it to include a limited liability company.

By statute, the City was prohibited from entering into the contract unless the disclosure was procured at the time the contract was submitted to the City.  Therefore, in the absence of evidence that Legacy timely submitted the required disclosure, we conclude the MDA was not "properly executed" by the parties.  Without a properly executed contract, there is no waiver of immunity under section 271.152 of the Texas Local Government Code.  Thus, we find no error in the trial court's decision to grant the City's plea to the jurisdiction as to Legacy's breach of contract claim and claim for violation of the Prompt Payment Act, which also relied on section 271.152 for a waiver of immunity.

Additionally, we find no error in granting the plea to the jurisdiction as to Legacy's alternative claim that the City's officials acted ultra vires.  The only available remedy in an ultra vires suit is prospective injunctive relief against individual government officials in their official capacities.  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373–77 (Tex. 2009).  Here, Legacy's pleadings seek money damages, which is a remedy not available in the context of an ultra vires suit.  Thus, we conclude that the trial court did not err in granting the City's plea to the jurisdiction on these claims.

In its second, related issue, Legacy argues that the trial court erred in refusing to rule on its objections and to strike the City's evidence submitted in its plea to the jurisdiction.  Legacy bases its argument on the City's attempt to admit (1) a printout from the Texas Ethics Commission website and (2) affidavits from the city secretary, to which

Legacy objected at the hearing on the City's plea to the jurisdiction. The trial court did not rule on Legacy's objections.

Legacy contends that the affidavits from the city secretary are conclusory and constitute hearsay. For reasons set forth above, we have determined they are not conclusory. Further, Legacy did not obtain a ruling on its hearsay objection to the trial court. An objection that an affidavit contains hearsay is an objection to the form of the affidavit. *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.) The failure to obtain a ruling from the trial court on an objection to the form of the affidavit waives the objection. *Id.* Because the affidavits produced by the City were unrebutted, the admissibility of the printout from the TEC is immaterial, and we need not address it as it is not necessary for our resolution of this appeal. *See* Tex. R. App. P. 47.1. Therefore, we overrule Legacy's second issue.

In its third issue, Legacy asserts that the trial court erred in granting the City's Rule 91a motion to dismiss. Unlike a dismissal based on a plea to the jurisdiction, dismissal under 91a is a judgment on the merits. *Dallas Cty. Republican Party v. Dallas Cty. Democratic Party*, No. 05-18-00916-CV, 2019 Tex. App. LEXIS 7687, at *9 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.). However, subject matter jurisdiction is a prerequisite to entertaining the merits, and when a court finds a lack of jurisdiction, it is obligated to go no further and dismiss. *Id.* at *10. Because the trial court properly granted the City's plea to the jurisdiction, the trial court lacked jurisdiction to reach the merits of Legacy's claims. *Id.* at *10–11. Therefore, while the trial court's ruling on the Rule 91a motion was inappropriate, any complaint regarding error is rendered moot.

11

## REQUEST FOR LEAVE TO AMEND PLEADINGS

In its appeal, the City maintains that, while the trial court properly granted its plea to the jurisdiction, it erred by granting Legacy's request for leave to amend its pleadings to include previously unpled causes of action. The City contends that the trial court did not have jurisdiction to grant Legacy the ability to replead. In the alternative, the City asserts that, even if the trial court retained jurisdiction after granting the plea, it abused its discretion by granting Legacy's request for leave to replead. Legacy responds that the order from which the City seeks to appeal is neither final nor otherwise appealable. We agree with Legacy.

Our jurisdiction is invoked upon the filing of a notice of appeal from either a final judgment that disposes of all parties and claims in a case or an interlocutory order the legislature has deemed appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (general rule is that appeal may be taken only from final judgment); *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (appellate court has jurisdiction to immediately review interlocutory order only if specifically permitted by statute). The City is challenging the portion of the trial court's order of April 16, 2021, that grants Legacy's request to amend its pleadings. The order does not finally dispose of all the issues and parties pending before the court. *See Lehmann*, 39 S.W.3d at 200. Nor is it an appealable interlocutory order. Although section 51.014 of the Texas Civil Practice & Remedies Code allows an interlocutory appeal to be considered from an order granting or denying a plea to the jurisdiction by a governmental unit, it does not authorize an interlocutory appeal from an order granting a party leave to amend its pleadings. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *see also Walker Sand, Inc. v. Baytown*

12

*Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (Texas courts strictly construe statutes authorizing interlocutory appeals). Consequently, we dismiss the City's appeal for want of jurisdiction.

## CONCLUSION

We affirm the trial court's order granting the City's plea to the jurisdiction and dismiss for want of jurisdiction the City's appeal challenging other portions of the trial court's order.

Judy C, Parker
Justice
